### Ex Parte John Burge.

*No. 794. Decided November 29.*

**1. Local Option Elections—Validity of, How Determined.**—In determining the validity of a local option election, *held*, that the matters to be considered are:

1. The object to be attained by the election.
2. The statutory requirements.
3. The distinction between the things required prior to ·and those required subsequent to the election.

**2. Same—Procedure Prior to Election.**—As to the statutory procedure prior to the election, a strict compliance with the requirements must be shown.

**3. Same — Procedure Subsequent to Election.**—As to statutory requirements subsequent to the election, courts will give such construction as will best secure and carry out the will of the people, as expressed at the election, and will not permit it to be defeated by the neglect or willful disregard of a plain ministerial duty.

**4. Same—Order Declaring the Result of the Election.**—While the statute (Revised Statutes, article 3233) requires the order of the court declaring the result of the election shall be made immediately at the special session on the eleventh day, or as soon as practicable thereafter, *held*, that a failure to make the order at that time will not render the election void; but the court may amend the record and enter said order at a subsequent term.

Appeal from the County Court of Hill. Tried below before Hon. W. P. Cunningham, County Judge.

The facts are sufficiently stated in the opinion.

*Smith & Wear*, for appellant.—The order of the Commissioners Court passed on the 21st day of December, 1892, counted the votes and declared the result, but did not prohibit the sale of intoxicating liquors in said precinct.

1. Relator contends, that he can not be held to answer for a violation of the local option laws under this order, because the prohibitory order was not passed immediately upon counting the votes and declaring the result. Sayles Civ. Stats., arts. 3233, 3239; Lipari v. The State, 19 Texas Cr. App., 431; Steele v. The State, 19 Texas Cr. App., 425.

2. Relator contends, that he can not be held to answer by virtue of the election held on the 15th day of April, 1893, by virtue of the order

of date March 21, 1893, ordering this election, because said order ordering the election is absolutely void and prohibited by law. The order ordering the election for December 8, 1893 (which was held), shows that this election on April 15, 1893, was a second election held " within the same prescribed limits in less than two years after an election. held " according to law on December 8, 1893. Sayles' Civ. Stats., art. 3236; Ex Parte Cox, 28 Texas Cr. App., 537.

3. Relator contends, that the attempted amendatory order of July 12, 1893, is without authority of law, and can not promulgate the law or vitalize the order of date December 12, 1893. That the law and statute requiring the prohibitory order to be immediately passed upon counting the vote and declaring the result is mandatory. Sayles' Civ. Stats., art. 3233; Ex Parte Sublett, 23 Texas Cr. App., 309, Steele v. The State, 19 Texas Cr. App., 425; Ninenger v. The State, 25 Texas Cr. App., 449; Curry v. The State, 28 Texas Cr. App., 477; Boon v. The State, 10 Texas Cr. App., 420; Willson's Crim. Stats., sec. 632, and authorities there cited.

4. To justify an amendment, there must be something to amend. 71 Am. Dec., 459; 64 Am. Dec., 692; 91 Am. Dec., 494; 12 Am. Dec., 350.

We respectfully submit to the court, that in the language of this court in the Curry case, supra, where such power of special legislation is delegated to other authority than the legislative department, there must be strict conformity to the requirement of the law in the exercise of such delegated authority, or the action is void. Boon v. The State, supra.

We further submit, that without the prohibitory order passed according to law, while the election is valid, the law not being legally promulgated, its penalties can not be enforced; and the second election and the order all being within the prohibitory time of two years, and both elections within the same territory, that the second election is void ab initio and in toto, and it can not put into force and operation the local option law in said justice precinct number 2. And further, that the order of date July 12, 1893, can not amend the order of date December 21, 1892. There was no attempt to pass a prohibitory order on December 21, 1892, and therefore there was nothing to amend; and again, there was no authority for the order of July 12, 1893; and in fact it flies in the face of section 3233 of the local option law, and is void.

*R. L. Henry*, Assistant Attorney-General, for the State.—1. The order of December 21, 1892, declaring the result of the election, was sufficient and in substantial compliance with the statute. It declared, " that the prohibition of intoxicating liquors in said precinct is carried by said election by seventy-five votes majority, and that the county judge give notice of said fact, as required by law."

Giving the statute a fair and reasonable construction (the sort of con-

struction that all statutes ought to receive), the above means that the sale of intoxicating liquors is absolutely prohibited, except for certain purposes, within the prescribed limits. The statute simply provided for a declaration of the prohibition of the sale of intoxicating liquors, and such is accomplished in the above orders. There is no statute or intimation anywhere that this statute should be construed strictly or liberally, but it should be construed fairly. Sayles' Civ. Stats., art. 3233; Lipari v. The State, 19 Texas Cr. App., 431; Ex Parte Burrage, 26 Texas Cr. App., 35; McDaniel v. The State, ante, 16.

2. The order of July 12, making the declaration of the result more specific, was proper and permissible. It was in the nature of the amending a judgment nunc pro tunc. It was not necessary to serve notice on any one, because there was no one upon whom to serve notice. It was simply making the record of the court speak the voice of the people where they had exercised their suffrages and given emphasis to a privilege and right.

If the Commissioners Court could order an election of this sort without a petition, it could certainly enter any order or correct any order without notice to any one. If it could act in an ex parte manner in one way, it could certainly do so all the way through. An order was entered immediately, and made fuller later on. This met the requirements of the statutes. The election and the declaration of the result were certainly valid, and a void or voidable subsequent order could not vitiate the valid election, when that order could be corrected and made to speak the truth. A court certainly has the right to make its records speak the truth, and control and correct them. A nunc pro tunc judgment or order includes amendments and corrections, as well as to enter the entire judgment. Ezell v. The State, 29 Texas Cr. App., 521; Sayles' Civ. Stats., arts. 1355, 1356; Willson's Crim. Proc., art. 797, and notes; Burnett v. The State, 14 Texas, 455; Rhodes v. The State, 29 Texas, 190; Ximenes v. Ximenes, 43 Texas, 458; Cameron v. Thurmond, 56 Texas, 22; Blum v. Neilson, 59 Texas, 378; Freem. on Judg., secs. 38, 56, 64, 70, 71, 72; Trammell v. Trammell, 25 Texas Supp., 261; McCrary on Elec., secs. 321, 331, 338.

There is no statute anywhere saying that a failure to make the entry shall invalidate the election. The fault is not the people's; it is the fault of the officers' failure to perform their clerical duty, and they should be permitted to correct their mistakes. Courts of equity have always had power to correct their records and make them speak the truth.

3. If the court had entered no sort of an order in December, it had the authority to enter the proper order within a reasonable time, or within two years. There is nothing in the local option law to indicate that a valid election shall lapse because, forsooth, some officer failed to make an entry at the right time declaring the result.

SIMKINS, JUDGE.—Appellant was arrested upon information filed in the County Court of Hill County for violation of the local option law in justice precinct number 2 of said county, and sued out a writ of habeas corpus before the county judge. Upon hearing, appellant was adjudged to be legally restrained, and remanded to the custody of the sheriff, from which judgment he prosecutes this appeal.

It appears from the agreed statement of facts, that upon November 17, 1892, the County Commissioners Court of Hill County ordered a local option election to be held in precinct number 2; that the election was duly held, and the law fully complied with in all respects, except in the entry of the order declaring the result of the election, the court failed to also enter an order absolutely prohibiting the sale of intoxicating liquors within the prescribed limits, as required by article 3233 of the Revised Statutes.

It further appears, that this omission being called to the attention of the court, another election was held on the 15th day of April, 1893, at which local option was again carried in said precinct, and this election was in conformity with the requirements of the law. It further appears, that shortly thereafter, a doubt arising as to the validity of the second election, the County Commissioners Court met on the 12th day of July, 1893, and entered of record an amendatory order, in which, after reciting all the facts attending the first election, and the court's failure to enter the proper order required, they made the order in full, as required by article 3233, Revised Statutes.

Appellant, admitting that the first election was valid, contends, that by the failure of the County Commissioners Court to enter the order at the time required by the statute, all power over the subject ceased, and no right of amendment existed; and secondly, that the first election being valid, though inoperative, there could be no other election held before the expiration of two years, by virtue of Revised Statutes, article 3236; hence the second election was a nullity, and consequently there was no local option law in force in precinct number 2, Hill County, at the time of the alleged violation with which appellant is charged, and appellant is therefore illegally restrained of his liberty.

In the view we take of this case, it is not necessary to consider the question of the second election, nor what is included in the term "election." The only question that need be considered is, Had the County Commissioners Court of Hill County the right to make the amendment of July 12, A. D. 1893? In determining what circumstances of official omission or misconduct will avoid an election, the object to be attained by an election must be kept in view, to-wit, the ascertaining the will of the majority; and whatever statutory provisions are essential to the attainment of this end are obviously indispensable. In special elections there is a distinction to be drawn between those matters required to be

done anterior to the election and those subsequent thereto. The first are generally directed to securing a prompt, fair, and intelligent expression of the popular will; while the second are for the purpose of ascertaining and declaring it. In regard to the first, the courts require a strict compliance with the provisions of the statute, not only that the people may be promptly given an opportunity of expressing their will (Ex Parte Sublett, 23 Texas Criminal Appeals, 311), but that full notice of the object, time, and place may be certainly given. McCrary on Elec., secs. 127, 128. After an election has been held, and the will of the people fairly ascertained, courts will give such a construction as will best secure and carry out that will, and will not hold the precise time to be the essence of the election, and thereby permit the election to be defeated by the neglect or willful disregard of a plain ministerial duty. Id., sec. 128. We regard the requirement of the statute, that "the order declaring the result and prohibiting the sale of intoxicating liquors should be entered on the eleventh day, or as soon thereafter as practicable," as intended for the benefit of the voters adopting the law; and while the law requires the order to be entered as soon as practicable, it by no means intends the election to be void on a failure so to do. On the contrary, we think a writ of mandamus would lie to enforce the performance of the duty where it was neglected, and certainly the court can do voluntarily what it can be made to do.

We see no error in the judgment of the County Court remanding the appellant to the custody of the sheriff of Hill County, and it is affirmed.

*Affirmed.*

Judges all present and concurring.