## MRS. M. LOVELESS v: THE STATE.

No. 1669. Decided February 15, 1899.

**1. Continuance—Second Application.**

A second application for continuance which does not comply with the requirements of the law should be overruled. And where the deposition of the witness could have been taken, the application should be refused.

**2. Local Option—Evidence—Record Book of Commissioners Court—Bill of Exceptions.**

On a trial for violation of local option, it was objected to the reading from a book, styled "Election Returns," the orders of the commissioners court pertaining to said election, because the book was not the regular book of minutes of the commissioners

court. Held, if it was not a record book of the commissioners court, the bill of exceptions should have recited that fact; or, if the State had failed to prove that fact, the judge should have been required to so certify. In the absence of such showing by the bill of exceptions, the objection will not be considered.

### 3. Same—Evidence—Certificate of Judge Declaring the Result.

A certificate of the county judge, declaring the result of a local option election, which fails to show the date of the publication of the order putting prohibition in force, is inadmissible in evidence without other supplementary evidence showing the date of publication.

### 4. Same—Burden of Proof—Special Instructions.

On a trial for a violation of local option, the burden is upon the State to show a publication of the order declaring the result of the election prior to the date of the alleged commission of the offense; and where such issue is raised by the record, the court should give in charge a special requested instruction to that effect.

APPEAL from the County Court of Kaufman. Tried below before Hon. JOHN VESEY, County Judge.

Appeal from a conviction for a violation of local option; penalty, a fine of $30 and twenty-five days imprisonment in the county jail.

No statement necessary.

No brief for appellant has come to the hands of the Reporter.

*Robt. A. John*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law, and her punishment assessed at a fine of $30 and twenty-five days confinement in the county jail; and she appeals.

Appellant filed an application for a continuance, which was overruled, and she assigns this action of the court as error. The bill of exceptions, as explained by the court, shows there was no error. This was a second application for continuance, and did not comply with the law in that regard. For aught that appears, appellant could have easily had the deposition of said witness before the court.

On the trial the State introduced what purported to be a copy of the order of the Commissioners Court opening the polls, and counting the vote, and declaring the result of the election in said justice precinct No. 2 of Kaufman County. The evidence was read from certain books styled "Election Returns." The same is in regular form, and shows the proper order in such case, signed by the proper officers. Appellant objected to same "(1) because it is not shown to be any part of the minutes of the Commissioners Court of said county, but only purports to be a book in which the election return is written, with a summary of the votes for and against the measure voted on; (2) because it is not a volume of the Commissioners Court minutes, and is not the regular book in which the regular orders and proceedings of the Commissioners Court are registered and kept as minutes; (3) that the supposed order enacting the prohibition law should be upon regular minutes of the Commissioners Court of Kaufman County, and should be shown to be such, instead of merely being on a book styled 'Record of Election Returns.'"

Now, as has been frequently said, these grounds of exception urged by appellant are not a certificate of the existence of the facts recited in said objections. If it was a fact that the book from which the order was read was not a record of the Commissioners Court, it would have been a very easy matter to have recited this fact in the bill; or, if the State failed to prove that it was such, the judge should have been required to so certify, or at least to have certified to the facts on which the book was introduced as a record of the minutes of the Commissioners Court. This was not done in this case, and we can not take it for granted that the grounds of objection of appellant state the facts. If this was not a record book of the Commissioners Court of the county, and the bill of exceptions had shown this, of course the order read therefrom would not have been admissible.

Appellant, by bill of exceptions, raises an objection to the introduction of the order declaring the result of the election and the publication thereof on the ground "that there is no date shown of the publication of said order putting prohibition in force, and because the election order of 1896, declaring the result of the election, was made in March, 1896, and the certificate here objected to purports to have been made October 19, 1897, and made after the defendant is charged to have sold the whisky, and was made more than a year after the order declaring the result of the election; because it is insufficient to prove the facts therein stated; and because it purports to have been made by one who was not county judge at the time when the order declaring the result of the election was passed, and was made by one who was subsequently judge, Nestor Morrow being county judge when the order declaring the result purports to have been made and when the publication should have been made; because the certificate of publication is not supported by any order in the regular minutes of the Commissioners Court declaring the result of the local option election." All of said objections were overruled. By an inspection of this bill of exceptions it will be seen that Nestor Morrow was county judge in March, 1896, when this election was held; that John Vesey subsequently became county judge, but when is not shown. There appears, preceding said order of the Commissioners Court declaring the result, the following in the bill of exceptions: "Certificate of Publication. I, John Vesey, county judge of Kaufman County, Texas, do hereby certify that the following order of the Commissioners Court of said Kaufman County, Texas, was published four successive weeks in the Forney Tribune, a weekly newspaper published in said Kaufman County, to wit." It is not shown when this certificate was entered on the minutes. Then follows the order making the count and declaring the result, which bears date April 20, 1896, signed by Nestor Morrow, county judge, and four commissioners. Then follows the entry made by the county judge, designating the Forney Tribune in which to publish said order, which also bears date April 20, 1896. Then follows a certificate of D. C. McNair, by his deputy, G. R. McNair, to the effect that "the foregoing is a true and correct copy of the original order

of the Commissioners Court, as shown on page 87 in Book I, Record of Election Returns," etc., which bears date April 21, 1896. Immediately after this we have the following certificate: "In testimony of which, witness my official signature, this, the 19th day of October, 1897. [Signed] John Vesey, County Judge Kaufman County, Texas." Whether this is intended to be a certificate to all of the foregoing, or merely approving the certificate to the preceding official certificate of McNair, is not clear. But concede that it has reference to the entire matter of publication, it bears date October 19, 1897, and the records here produced furnish no accurate data as to when the publication of the order was made. Local option did not go into effect in that precinct until that publication was completed. Certainly, if the certificate itself did not show the dates of the publication so as to determine when prohibition went into effect in said precinct, this should have been shown by parol testimony. As it is, we are not informed when the publication was completed, and consequently we do not know when local option went into effect in that precinct of Kaufman County, except, we may be authorized to say, that evidently said publication was completed on the 19th day of October, 1897. The offense here alleged was committed on the 11th of September, 1897, so that for aught we know, prohibition had not gone into effect in Kaufman County on the 11th day of September, 1897. We do not believe the certificate should have been admitted in evidence, at least without some supplementary parol testimony showing or tending to show when the publication was in fact made. We would not be understood as holding that the certificate of the county judge could not be entered in the minutes of the court after the commission of the offense, and be introduced in evidence, for we have held that it could be done (Crockett v. State, decided at present term, ante, p. 173); nor that the entry and certificate were bound to be made by the county judge who ordered the election, or who declared the result, for we believe his successor could do this (Crockett v. State, supra); but we simply hold that the certificate here of the county judge shows no date when the publication was made, and there is no supplementary proof establishing such date, so as to show when prohibition took effect. We believe the court erred in admitting the testimony; at least without some supplementary parol evidence showing the date of publication.

Appellant asked a charge predicated on this same matter, said charge being as follows: "You are charged that the burden of proof rests upon the State in this case to show that there was, prior to the commission of the offense charged, if committed, a publication of the order declaring the result of the election, made in a newspaper for four successive weeks." We think this record presents the question, and that said charge should have been given. The judgment is reversed and the cause remanded.

*Reversed and remanded.*

DAVIDSON, Presiding Judge, absent.