ABB BARHAM V. THE STATE.

No. 2064.   Decided October 25, 1899.

1. **Local Option—Order Publishing Result of Election.**

It is not a valid objection to the entry of the order declaring the result of a local option election that said entry was made a year and a half after the actual publication of the order.  Nor is the entry of the order vitiated by the fact that it was made not by the county judge who was in office at the time the result of the election was determined, but by his successor.

2. **Same.**

It is the province and duty of a county judge to make an entry of the order declaring the result of a local option election upon satisfactory proof that publication of the same had in fact been made,—where there was a failure or omission of his predecessor in office to make said entry,—and his certificate of the publication of the result is admissible in evidence, though said certificate is made upon the testimony of his predecessor in office and the publisher of the newspaper, and his personal examination of the newspaper in which the publication was made.

3. **Same—Charge of Court.**

On a trial for violation of local option, a charge of court that "before you can find defendant guilty, you must find the law prohibiting the sale of intoxicating liquors in the county was in force and effect in said county at the time said sale was made," is not upon the weight of evidence nor obnoxious to objection that it assumed that defendant made a sale, especially in view of the fact that the court had otherwise correctly charged upon the question of sale.

4. **Same—Verdict.**

On a trial for violation of local option a verdict of guilty will not be disturbed for insufficiency of evidence where the evidence for the State is direct and positive that defendant made the sale of the liquor as charged.

APPEAL from the County Court of Delta. Tried below before Hon. W. S. BANISTER, County Judge.

Appeal from a conviction of local option; penalty, a fine of $25 and twenty days imprisonment in the county jail.

No statement necessary.

*Phillips & Wood,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law.  The State introduced in evidence a certificate of W. S. Banister, county judge of Delta County, entered upon the minutes of the Commissioners Court on March 8, 1899, reciting that on the testimony of C. C. Dunagan, who was county judge of Delta County during the years 1897 and 1898, and J. H. Boyd, publisher of the People's Cause, a newspaper published in said county, and from a personal examination of the papers on file in said J. H. Boyd's office, the order of the Commissioners Court of said Delta County, on the 27th day of October, 1897, declaring the result of an election held in that county of the 16th of October, 1897, for the purpose of determining whether or not the sale of intoxicating liquor should be prohibited within the limits of said county, was duly published in

said People's Cause, a weekly newspaper, etc., which had been selected by said county judge for that purpose, for four successive weeks, stating the dates of the publication. It was objected, first, that this order was made a year and a half after its publication, and is made upon the information of others, and was therefore hearsay; and, generally, because this was not such an entry as was contemplated by the law. That this entry was made a year and a half after the actual publication of the order is not a valid objection. Crockett v. State, 40 Texas Crim. Rep., 173; Loveless v. State, 40 Texas Crim. Rep., 221; Ex Parte Burge, 32 Texas Crim. Rep., 459; Dreschel v. State, 35 Texas Crim. Rep., 579. That it was made by Banister, the successor of Dunagan, as county judge, does not vitiate the order. Loveless v. State, 40 Texas Crim. Rep., 221; Crockett v. State, 40 Texas Crim. Rep., 173. Nor is it a valid objection that W. S. Banister, then county judge, made the order upon information. See same authorities, supra. If, instead of placing the duty on the county judge, the law had required the commissioners court to publish said result, a proper judgment nunc pro tunc could have been entered by that court, upon satisfactory proof being made of such publication. In this particular instance it was the province and duty alone of the county judge, made so by the statute. The failure of his predecessor in this respect authorized him to make such entry upon satisfactory proof that such publication had in fact been made. There would have been no question that the commissioners court had the authority to enter a judgment nunc pro tunc declaring the result of the election, if they had omitted to do so. This matter underwent a thorough investigation in Ex Parte Burge, supra. We do not think there is any error in this matter.

At the instance of the county attorney, the following charge was given: "Before you can find the defendant guilty, you must find the law prohibiting the sale of intoxicating liquor in Delta County was in force and effect in said county at the time said sale was made." Exception was reserved on the ground that it was a charge upon the weight of the evidence. We do not believe this contention sound. The idea of the county attorney seemed to have been that the court should have given such a charge for the benefit of defendant; but whether this view of it is correct or not, we do not think that the charge assumes that defendant made a sale, especially in view of the court's charge in regard to the question of sale.

Nor do we think there is any merit in the contention that the evidence is insufficient to support the conviction. So far as the State's evidence is concerned, it is direct and positive that defendant did make the sale, and the jury had a right to credit or discredit the evidence. We are not authorized to disturb their finding. The judgment is affirmed.

*Affirmed.*