### Ex Parte Jerry Walton.

No. 2530.    Decided April 22, 1903.

Motion for Rehearing Decided May 20, 1903.

1.—Local Option Election—Orders of Commissioners Court.

The orders of the commissioners court with regard to a local option election should be placed upon the minutes of the court sitting in regular session; they can not be recorded by the clerk of his own motion after adjournment of the court in vacation. But the court may, at a subsequent term, amend the record and have their orders entered at said subsequent term.

2.—Same.

Where a local option election was for precinct No. 7, the election is not invalid by reason of the fact that the field notes of said precinct referred, in one of its calls, to another precinct whose field notes had been destroyed by fire, where the latter are known and thoroughly ascertained and proved by witnesses.

ON MOTION FOR REHEARING.

3.—Jurisdiction.

The release of an appellant from custody on his bond pending the appeal ousts this court of jurisdiction to hear his motion for rehearing.

Appeal from the County Court of Upshur. Tried below before Hon. B. M. Briggs, County Judge.

Appeal from an order of court remanding appellant to custody upon a hearing on habeas corpus.

The case is sufficiently stated in the opinion.

*Kerns & Stephens* and *Warren & Briggs,* for relator.

*E. L. Barnwell,* County Attorney, and *J. P. Hart* and *Howard Martin,* Assistant Attorney-General, for respondent.

BROOKS, Judge.—Appellant was arrested on an information charging him with a violation of the local option law in justice precinct No. 7, Upshur County. Thereupon he presented an application for the

writ of habeas corpus to Hon. M. B. Briggs, county judge of Upshur County; and upon the hearing, appellant was remanded to the custody of the sheriff; from which ruling he appeals to this court.

It appears that the local option election was ordered by the Commissioners Court of Upshur County, at a regular term thereof, on August 12, 1902, for precinct No. 7, and that the election was held on September 6, 1902. There was also a special term of the Commissioners Court held, and within the time required, in September, 1902. After the adjournment of both terms of said court as indicated, the clerk, apparently of his own motion, placed the orders of the court, ordering the election and the order declaring the result of the election, upon the minutes of the court; and it appears that said orders have never been· placed upon the minutes by the court sitting in regular session. This can and should be done. That is, when the commissioners court enters an order ordering a local option election, or when it makes an order declaring the result of an election, as required by law, at any time subsequent to said act or acts, the commissioners court at a regular or special session, after the failure to enter said orders upon its minutes, can still enter the orders upon its minutes and the local option law would not be void or invalid by sheer force of the fact that there was omission on the part of the commissioners court to place either or both of said orders upon the minutes of the court at the time said orders are made. It follows, therefore, that the local option election in precinct No. 7 of Upshur County is not invalid on account of the failure of the commissioners court to record the orders ordering and declaring the result, at the time designated by law, since said acts are merely clerical and ministerial and can be done by said court as a court at any subsequent regular or special term of the court. The record before us shows that the clerk recorded the orders in vacation. If the commissioners court when it convenes, either in special or regular session, shall enter an order expressly approving said minutes, this will be sufficient, without a new record of said orders. In the case in Ex parte Burge, 32 Texas Crim. Rep., 459, this exact question was decided. We there held that, while article 3233, Revised Statutes, requires the order of the court declaring the result of the election shall be made immediately at the special session on the eleventh day, or as soon as practicable thereafter, a failure to make the order at that time will not render the election void, but the court may amend the record and enter said order at a subsequent term. Clearly, if the court can enter an order previously made at a subsequent term of the court declaring the result of an election, it follows, as a legal sequence, that said court can also record an order made at a previous term of the court ordering an election.

Appellant also insists that the record does not show that there is any justice precinct No. 7 of Upshur County. To copy all of his contentions and field notes along this line would be unnecessarily prolix, and we deem it unnecessary to do so. Suffice is to say that the boundary

lines of said precinct No. 7 appears to us not only to close, but there is no uncertainty whatever in any of said boundaries. The mere fact that the field notes of the Gilmer precinct—the county seat—had been burned, would not render invalid the field notes of justice precinct No. 7 in one of its calls referring to Gilmer precinct. It is a well known aphorism of the law, that that is certain which can be made certain. The witnesses testified to the boundaries of Gilmer precinct; they are known and thoroughly established and ascertained. Certainly the burning of the records of the county, thereby destroying the record evidence of said lines, would not destroy the Gilmer justice precinct.

We would suggest, that, in view of a trial, the orders should be entered upon the minutes of the commissioners court as heretofore stated.

No error appearing in this record, the judgment of the County Court of Upshur County is affirmed remanding appellant to the custody of the sheriff.

*Affirmed.*

### ON REHEARING.

BROOKS, JUDGE.—The judgment herein was affirmed at a former day, and appellant has filed a motion for rehearing. The Assistant Attorney-General moves the court to dismiss the motion for rehearing because appellant has been released from jail since the affirmance of this judgment, and has executed a bond to the sheriff in the sum of $300. Attached to the State's motion is the affidavit of W. W. Willeford, sheriff of Upshur County, that appellant is not in custody, and a certified copy of the bond executed by appellant, Jerry Walton. Appellant having been released from custody ousts this court of jurisdiction; and the motion is accordingly sustained. Ex parte Irvine, 7 Texas Crim. App., 288; Ex parte Cole, 14 Texas Crim. App., 579; Ex parte Talbutt, 39 Texas Crim. Rep., 12; Ex parte Chesnutt, 39 Texas Crim. Rep., 624. The motion for rehearing filed by appellant is accordingly dismissed, and the clerk of this court is directed to issue mandate.

*Motion for rehearing dismissed.*