John Rawls v. The State.

No. 3115. Decided November 15, 1905.

**1.—Local Option—Time of Publication of Order Declaring Result.**

Where it appeared from the record that the commissioners court entered an order declaring the result of a local option election prohibiting the sale of intoxicating liquor, on March 26, 1902, and said order was not published in the newspaper for four successive weeks until eleven months after the date of said order, when the order was reformed, the failure to publish the order immediately, did not render the same invalid and said law became effective.

**2.—Same—Charge of Court—Internal Revenue License—Saloon—Restaurant.**

On a trial for a violation of the local option law, the mere fact that defendant may have been running a saloon and whisky was sold in the house, or running a restaurant and whisky was sold in the house, there being an internal revenue license posted in said place, would not make defendant guilty, if some one else sold the whisky; especially where the evidence showed that the whisky was actually delivered by a third party; and a charge instructing the jury if they found the above state of facts to convict, was error.

**3.—Same—Indictment—Firm—Surplusage.**

An indictment charging that two certain persons, a firm, violated the local option law, affirmatively alleging that both of said persons did so, is good, and the words, "a firm," can be treated as surplusage.

Appeal from the District Court of Sabine. Tried below before Hon. Tom C. Davis, special judge.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $75 and twenty days confinement in the county jail.

The opinion states the case.

*E. P. Padgett,* for appellant.—On question of publication of order: Arts. 3390 and 3391, Rev. Civ. Stats.; Griffin v. State, 13 Texas Ct. Rep., 97.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of violating the local option law, the fine imposed being $75 and twenty days imprisonment in the county jail.

It appears from the record that the commissioners court of Sabine County ordered the local option election in question on February 14, 1902, and tabulated the vote and entered an order declaring the result on March 26, 1902: both orders being in due form. For some reason, not disclosed by the record, this last named order was not published in the newspaper for four successive weeks, as required by law. However, the record further shows that the court convened on the 24th day of February, 1903—eleven months after the last mentioned order was entered, and they discovered that said order had not been published as required by law and entered another order on said February 24, 1903, reforming the order which had been entered on the 26th of

March, 1902. The only difference in these two orders is, that the first order required the order declaring the result to be published in a newspaper known as the Hemphill Messenger, and the last in some newspaper selected by the county judge of Sabine County. A copy of this last order was published the length of time required by law in a newspaper published in said county. The question then presented is, whether or not the failure to publish the order immediately, rendered the same invalid. We think not; but merely postponed the day on which said law would become effective. Ex parte Walton, 45 Texas Crim. Rep., 74; 7 Texas Ct. Rep., 835.

Appellant, in motion for new trial, complains of the following portion of the charge of the court: "If the jury find beyond a reasonable doubt that defendant was the proprietor of a restaurant in Sabine County, Texas, and about the time charged in the indictment, he and one William Hardy had posted in defendant's place of business a U. S. Revenue Liquor License; and you further find beyond a reasonable doubt that about the time charged in the indictment, intoxicating liquors were sold in the house or on the premises in which said license was posted, if any, to Charles Glory, then you will convict the defendant, as charged in the indictment." Appellant objected to this charge, because the same was unwarranted and not called for by the evidence adduced on the trial; and because the same was contrary to the law. We think this charge is erroneous. The mere fact that appellant may have been running a saloon and whisky was sold in the house, or running a restaurant and whisky was sold in the house—there being an Internal Revenue License posted in said place, would not make appellant guilty if some one else sold the whisky. The evidence shows that the whisky was actually delivered by a third party.

We do not think that the court erred in charging the jury that the local option law was in force in Sabine County.

The charging part of the indictment is, as follows: "That John Rawls and William Hardy, a firm, on or about the 1st day of June, A. D. 1904, and anterior to the presentment of this indictment," etc. Appellant insists that this is not an affirmative allegation that both of said parties were engaged in the sale, but is an allegation that the firm sold the whisky. We do not think this position is correct. The words, "a firm" can be treated as surplusage. We take it that the indictment clearly charges both parties with violating the local option law.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*