January 30, 1939

Honorable Bert Ford
Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:                     Opinion No. O-235

                              Re: Validity of local option
                              elections in Angelina County,
                              Texas

        Your letter of January 27 requesting opinions of this
Department as to the validity of several local option elections
held in Angelina County, Texas, has been received.

        You state that, following an election held in Angelina
county in 1904, sale of all liquor was prohibited in that county,
but no record of the canvassing of the returns of the election can
be found in the Minutes of the Commissioners Court. When you state
that the sale of all liquor was prohibited, for the purpose of an-
swering your inquiry concerning this particular election we must
assume the existence of an order by the Commissioners Court declar-
ing the result of the election to be in favor of prohibition, and
due publication thereof.

        You are advised that so far as we are able to determine
the law does not require a record of the canvassing in the Minutes
of the Commissioners Court, but the article of the statutes govern-
ing such matter provides that the state of the polls in each pre-
cinct shall be recorded by the Commissioners Court "in a book to be
kept for that purpose". R.C.S., Article 3050, formerly Article
1753, formerly Article 1705.

        Revised Statutes of 1895, Article 3390, expressly makes
the order declaring the result of the election and prohibiting the
sale of liquors prima facie evidence that all of the provisions of
the law have been complied with. Assuming, therefore, the exist-
ence of the order declaring the result of the local option elec-
tion, and prohibiting the sale of intoxicating liquors, such order
is prima facie evidence that the votes cast at such election have
been duly canvassed as required by law. Morton vs. State, 36 S.W.

1019; Bowman vs. State, 41 S.W. 635; Allen vs. State, 59 S.W. 264; Chapman vs. State, 39 S.W. 113; Irish vs. State, 29 S.W. 778.

A local option election is not void by reason of the failure of the Commissioners Court to record the orders ordering and declaring the result of the election at the time designated by law, as the acts are merely ministerial. Ex parte Walton, 73 S.W. 314. It is the fact of canvassing, rather than the record thereof, which gives effect to the election. If the court has declared the result of the election and ordered the sale of liquors prohibited, it is presumed that the canvassing was duly performed. The failure of the record to reflect performance of the ministerial act of recording the canvassing is not evidence sufficient to overcome the presumption arising (from the order declaring the result) that the votes were actually canvassed. At best it is only evidence that the court failed, after canvassing, to perform the ministerial duty of entering the state of the polls in each precinct, in the manner contemplated by law.

You state that in the 1913 election held in Angelina county there can be found no order showing publication of the results of the election for the time and in the manner prescribed by law. As to this election, if it can be established that the order in fact was published for the time and in the manner prescribed by law, the Commissioners Court may, at this time, enter an order nunc pro tunc on its Minutes showing the fact of such publication, as was done in the case of Spears vs. State (Court of Criminal Appeals), not yet reported, but rendered by the Court on January 11, 1939. If the order has actually been published, the local option law is in force whether the ministerial act of entering the order declaring such to be a fact is or is not performed. It is the actual fact of publication, rather than the record thereof, which gives effect and validity to the election. The only purpose of entering the order at this time would be to simplify the mode of proof of such publication.

As to the 1936 election in Angelina county, it appears that there is recorded in Book 4, Record of the Election Returns of Angelina County, Texas, the state of the polls in each precinct on that election, and a statement by the then county judge to the effect that the canvass was made and the results declared as shown in such record. You are advised that the Commissioners Court of Angelina County, Texas, may at this time, by referring to the results of the canvass of the election as recorded in Book 4, Record of the Election Returns, Angelina County, Texas, enter upon the Minutes of the Commissioners Court an order declaring the results of such election nunc pro tunc. Oxley vs. Allen, 107 S.W. 945; Spears vs. State, supra. This having been done, the court may then

order publication of the order declaring the results of the election, and prohibiting the sale of liquors, in the manner and for the time prescribed by law, and, publication having been effected in such manner, enter the certificate evidencing such fact upon the Minutes. Such election, of course, would not be effective until after the publication required by law has been made. The failure to publish the order does not render the election invalid, but merely postpones the taking effect of the law. Rawls vs. State, 89 S.W. 1071.

Answering your requests, therefore, in order, you are advised:

1. The present Commissioners Court of Angelina County, Texas, can refer to the results of the 1936 election, as reflected by Book 4 of the Record of Election Returns, declare the results of the election, prohibit the sale of intoxicating liquors, order publication of such order, and then record the certificate of the county judge reflecting the fact of publication in the manner indicated hereinabove.

2. In our opinion, assuming the facts with regard to the 1904 election to be as above indicated, Angelina county is legally dry, whether or not anything is done with reference to curing defects in the 1913 or 1936 elections, since it does not appear from your letter that the county has at any time in the interim been voted wet.

With regard to your last question as to whether any defects in these liquor elections have any effect on the county or precinct beer elections prior to or since 1936, beg to advise that this question is too general to permit of an answer.

We trust that the above satisfactorily answers your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *R W Fairchild*

Assistant

RWF:FG

APPROVED:

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS