GRAT CROCKETT V. THE STATE.

No. 1660. Decided February 1, 1899.

**1. Local Option—Evidence.**

On a trial for violating local option, where the county attorney read to the jury from a certain book styled "Record of Election Returns," to show the election returns of the local option election in Justice Precinct No. 2, Held, while the same was unnecessary, the other orders being in regular form, it did not constitute error or injure defendant.

**2. Local Option Election—Judge's Certificate as to Publication Declaring Result.**

It is much the better practice to have the certificate of the fact that the order declaring the result of a local option election has been published made by the county judge as soon as practicable after the same is published, yet there is no time fixed by statute within which the certificate of publication is to be made by the judge.

**3. Same—Where Certificate Is Made by Judge Subsequently Elected.**

Where a certificate, properly entered of record, of the publication of the result of a local option election was executed by the successor of the county judge who was in office when the election was held, more than a year after the election and subsequent to the commission of the offense charged against defendant, Held, the certificate was competent as evidence where the publication had been proved by the former judge, and it was immaterial whether it was made prior or subsequent to the commission of the offense.

**4. Same—Charge.**

Where the judge's certificate of the result of a local option election has been properly entered of record, it makes a prima facie case of the fact of the publication; and in such state of case the court would have the right to instruct the jury in the charge, in the absence of evidence to the contrary, that the law was in force.

**5. Charge—Reasonable Doubt—Instructions.**

Where the main charge sufficiently submits the law as to reasonable doubt, it is not error to refuse additional instructions upon that subject.

**6. Impeachment of Witness—Charge as to.**

Where the court charged the jury, "The object and effect of impeaching testimony is to discredit the witness sought to be impeached; it is not to exclude from the consideration of the jury the evidence of such witness, and the evidence of the witness sought to be impeached is still with the jury, and you can give it such credibility as you deem it entitled to;" Held, a charge upon the weight of evidence.

**7.  Defendant as Witness—Impeachment of.**

A defendant as a witness may be asked, for the purpose of affecting his credibility, whether he had not been indicted for assault with intent to murder.

**8.  Evidence to Contradict Witness.**

Evidence to contradict a witness is competent and admissible.

APPEAL from the County Court of Kaufman.  Tried below before Hon. JOHN VESEY, County Judge.

Appeal from a conviction for violation of local option; penalty, a fine of $25 and twenty days imprisonment in the county jail.

. No statement necessary.

*W. H. Butler*, for appellant.—This being a prosecution for an alleged violation of the local option law, it devolved on the State to show not only a sale of intoxicating liquor, but in addition to that, it was equally as necessary for the State to prove by competent evidence that a valid local option election had been held in the proposed limits, and that local option was in operation in consequence thereof.  Now, the State utterly failed to show that all the legal prerequisites of the election had been complied with.  No "competent" evidence was introduced to show when the publication, if any, of the alleged order declaring the result and prohibiting the sale of intoxicating liquors was made.  Nor did the State show that the Commissioners Court had made any order, prior to the date of the alleged sale, putting local option into operation; that is, if we except the book purporting to be the record of election returns, introduction of which was objected to by defendant.  Then if the order putting local option into operation was not shown by the State to have been made and published prior to the date of the alleged sale, the defendant should have been acquitted.  Prather v. State, 12 Texas Crim. App., 401; Donaldson v. State, 15 Texas Crim. App., 25; Henry v. State, 16 S. W. Rep., 342.

The court erred in allowing a certain book styled "Record of Election Returns" to be read to the jury by the State's attorney, over defendant's objection thereto, for the purpose of showing a pretended order of said Commissioners Court, declaring the result of the election and prohibiting the sale of intoxicating liquor within the proposed limits; because said book was no part of the regular minutes of the Commissioners Court.  And because said book was not the regular book in which the regular orders of the Commissioners Court are kept as minutes.  And because the supposed order enacting local option should be upon the regular minutes of the Commissioners Court of Kaufman County.

The proper place for the entry of an order declaring local option in force is upon the minutes of the commissioners court, and the entry of such order on the "Record of Election Returns" is not sufficient. All records are not minutes; and the "Record of Election Returns" is not the place to enter the most important orders of the commissioners

court, such as declaring that intoxicating liquors shall not be sold within certain limits.   Brown v. Reese, 67 Texas, 318; Sayles' Civ. Stats., art. 1554.

The court erred in allowing the pretended certificate of publication of the order putting local option into operation to be read from volume 4, page 629, of the Commissioners Court minutes, by the State's attorney, over defendant's objections; because said certificate pertained to an election held in March, 1896, when Nestor Morrow was county judge of Kaufman County; and said pretended certificate was not signed by said Morrow, nor was the same signed or even made until October 19, 1897; and then it was signed by one John Vesey, another and different county judge of Kaufman County, and holding his office in a different year, and long after said certificate should have been made and signed, and long after the defendant is charged with having sold the liquor; and because said pretended certificate does not show "when" said publication was made, if the same was ever made.

The county judge shall certify on the minutes of the commissioners court that the order declaring the result of election and prohibiting the sale of intoxicating liquors has been published four successive weeks; and when the certificate of publication was not made until after the date of the alleged sale, it should not have been admitted in evidence.

If the State failed to show by "competent" evidence that the publication had been made before the date of the alleged sale, defendant should have been acquitted.

The court erred in refusing to give defendant's special charge number 1, which charge reads as follows:   "Gentlemen of the jury, before you can convict the defendant, you must find from the evidence that the order declaring the result of the election and prohibiting the sale of intoxicating liquor in justice precinct No. 2 of said county was not only published four successive weeks in some newspaper published in said county, but in order to convict the defendant, you must further find that such publication was made before the alleged sale was made by defendant, if any sale was made, and not afterwards.   And if the evidence fails to show that said publication was made before the alleged sale by defendant, if any sale was made by him, then you must find defendant not guilty."

The law requires that the order declaring the result of the election and prohibiting the sale of intoxicating liquor shall be published four successive weeks in a newspaper published in the county; and the publication must be made four successive weeks before the local option law goes into effect.   And when the local option election was held in March, 1896, and the certificate of publication was not made until October 19, 1897, several months after date of the alleged sale, and said order enacting local option is not otherwise shown to have been published four successive weeks before the date of alleged sale, the jury should be charged that the law requires the said publication of said

order to be made prior to the date of alleged sale, in order for said sale, if any, to be an offense.

When the evidence leaves it in doubt or is wholly silent as to whether the publication of the order declaring the result of the election and prohibiting the sale of intoxicating liquor was made before or after the alleged sale, a requested special charge to the effect that "if the sale, if any, occurred before the said publication, defendant should be acquitted," ought not to be refused, and its refusal is excepted to as reversible error.

The court erred in commenting on the evidence and charging on the weight of evidence in his main charge to the jury, where the following language appears: "The object and the 'effect' of impeaching testimony is to discredit the witness sought to be impeached. It is not to exclude from the consideration of the jury the evidence of such witness. But the testimony of such witness sought to be impeached is still with the jury, and you can give it such credibility as you may deem it entitled to." This error was promptly excepted to.

The court must never charge on the weight of evidence. Nor must the court comment on the evidence or sum up the testimony.

*Robt. A. John*, Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted in the County Court of Kaufman County on a charge of violating the local option law, and his punishment assessed at a fine of $25 and twenty days imprisonment in the county jail, and he appeals.

We will consider the grounds urged for a reversal of this case in the order in which they are stated in the motion for new trial. Appellant complains of the court admitting a certain book, styled "Record of Election Returns," to be read to the jury by the State's attorney, over the defendant's objection thereto. This complaint is based upon the fact that the county attorney offered the election returns of the local option election held in justice precinct No. 2. In view of the fact that the other orders were in regular form, this was unnecessary, yet its introduction in this case is not error, because it does not appear that it could or did injure appellant's rights in any respect.

The second error complained of by appellant is: "The court erred in permitting the pretended certificate of publication of the order declaring the result of the election, and prohibiting the sale of intoxicating liquor, in justice precinct number 2 of said county, to be read from volume 4, p. 629, of the minutes of the Commissioners Court of said county, over defendant's objection thereto." The ground of objection is that the certificate pertained to an election held on the 14th day of March, 1896, when Nestor Morrow was county judge of said county, and said certificate was not signed by said Morrow, nor was said certificate signed, or even made, until October 19, 1897, and then was signed by John Vesey, another and different county judge of said

county, holding his office in a different year, and long after said certificate should have been made and signed, and after the defendant sold the intoxicating liquor, if he sold it. We do not hesitate to say that, in these matters, it is much the better practice to have the certificate of the fact that the order declaring the result has been duly published made by the county judge as soon as practicable after the same is published. One clause of article 3391, Revised Civil Statutes, reads as follows: "The fact of the publication in either mode shall be entered by the county judge on the minutes of the commissioners court. An entry thus made or copy thereof, certified under the hand and seal of the clerk of the county court, shall be held sufficient prima facie evidence of such fact of publication." It appears from this clause of said article quoted that no time is stipulated in said article within which the certificate of publication shall be made by the county judge. The former county judge, Nestor Morrow, testified that he had seen a copy of the paper containing the order of publication, and that he was satisfied that the same had been published four consecutive weeks. Then an order of the county judge, duly entered upon the 14th day of October, 1897, certifying as required by the statute, was also introduced. After its introduction, taken with other matters introduced, it made out a prima facie case, under the statute, of the existence of local option in Forney precinct No. 2, and it is irrelevant and immaterial whether that certificate was made before or subsequent to the commission of the offense in this case. The certificate of the county judge, Vesey, shows that the order declaring the result of the election was duly published prior to the commission of this offense. There is no merit in appellant's third assignment of error.

The fourth assignment complains of the failure of the court to give special charge number 1, to the effect that the publication of the order declaring the result of the election was a question of fact. We do not think there is any error in this regard, since the certificate of the county judge, as above indicated, was properly entered, making a prima facie case of the fact that it had been published. It therefore devolved upon appellant to show that it had not, and, in the absence of evidence on that point by appellant, the court had a right to tell the jury that the law was in force. The court, however, submitted the same as a question of fact to the jury. This was done fairly, and appellant's contention would be hypercritical, even had it been incumbent on the court to charge as contended. Jones v. State 38 Texas Crim. Rep., 533. What we have said as to the fourth assignment of error disposes of appellant's fifth ground of complaint.

Appellant complains, in his sixth assignment of error, of the court's refusal to give special charge number 3, which requested the court to give additional instructions upon reasonable doubt. This was sufficiently given in the main charge, and we do not think appellant's rights have been at all injured by the failure of the court to give said charge.

40th Crim. Reps.—12

The seventh ground of complaint is that the court erred in telling the jury that the fact that the county judge's certificate was made after, instead of before, the commission of the offense, would not invalidate the law, but the same would be good. As indicated above, we think this was the law of this case, and hence we hold there was no error in this regard.

The eighth assignment complains of the court's charge in the following particular: "The object and effect of impeaching testimony is to discredit the witness sought to be impeached. It is not to exclude from the consideration of the jury the evidence of such witness, and the evidence of such witness sought to be impeached is still with the jury, and you can give it such credibility as you deem it entitled to." This charge is subject to the objections appellant urges in his brief. We take it to be upon the weight of the evidence. This is especially true in this case, in view of the fact that the witness Henby was the main prosecuting witness in the case, and, in fact, the only witness who testified to the actual sale. The charge was reasonably calculated to cause the jury to believe that they would have no right at all to entirely discredit the testimony of the witness Henby. Judge White, in delivering the opinion of the court in Howard v. State, 25 Texas Criminal Appeals, 686, holds the following charge was erroneous, to wit: "A witness may be impeached by proof that he has sworn different from what he does before you. This is not done for the purpose of proving such witness has sworn falsely before you, but to enable you to better judge of the credibility and worthiness of belief of such witness." We think the rights of appellant were prejudiced in this case by the court's charge in this particular.

Appellant's ninth assignment is with reference to the action of the court in allowing the State's counsel to ask defendant, on cross-examination, over defendant's objection, if he (defendant) had not been indicted for assault with intent to murder; to which question defendant answered, "Yes." This court has previously held "that a witness may be compelled to answer any question, however irrelevant to the facts in issue, however disgraceful to himself, except where the answer might expose him to a criminal charge." See Carroll v. State, 32 Texas Crim. Rep., 431.

Appellant's tenth ground of his motion is that the court erred in allowing the State's attorney to ask the witness Pete Henby, to whom it is alleged defendant sold the intoxicating liquor, if one C. A. Long did not buy some whisky from said defendant on the 2d day of July, 1897. This evidence was admissible, as indicated in the judge's explanation to the bill of exceptions, for the purpose of contradicting the witness Long and appellant, and therefore was properly admitted.

For the error of the court in the charge above set out, the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*

DAVIDSON, Presiding Judge, absent.