### CLIFF CREIGHTON v. THE STATE.

No. 1770. Decided June 21, 1899.

**1. Seduction—Rejected Evidence—Bill of Exceptions.**

On a trial for seduction, a bill of exceptions which complains of the rejection of testimony to the effect that the prosecutrix had kissed and been kissed by several young men (naming them) in the neighborhood, sufficiently indicates the materiality of the proposed testimony.

**2. Same—Evidence.**

On a trial for seduction it is competent to prove, as going to establish want of chastity of the prosecutrix, that she had kissed and been kissed and been embraced by other men than defendant.

APPEAL from the District Court of Coke. Tried below before Hon. J. W. TIMMINS.

Appeal from a conviction of seduction; penalty, a fine of $2000.

The indictment charged appellant with the seduction of Rosa Green, an unmarried female under the age of 25 years, and that he obtained carnal knowledge of her by means of his promise to marry her.

No statement necessary.

*T. A. Blair, B. W. Rimes, Perryman & Averett, John L. Dyer,* and *Penry & Garrett,* for appellant, upon the question discussed in the opinion of the court as to the exclusion of the proffered testimony, cited Kelley v. State, 33 Texas Criminal Reports, 31; Moons v. State, 31 Texas Criminal Reports, 597.

*Sims & Snodgrass* and *Rob't A. John,* Assistant Attorney-General, for the State.

BROOOKS, JUDGE.—Appellant was convicted of seduction, and his punishment assessed at a fine of $2000. By bill number 1 appellant complains of the court's refusal to permit Mrs. Green, the mother of the prosecutrix, to testify on cross-examination that some time in 1896 she saw Jim Weathers embrace and kiss the prosecutrix at the home of witness, in the moonlight just outside the door of witness' house; which testimony was excluded, at the instance of the State, on the ground that it was irrelevant and immaterial, and because it was not an act of carnal intercourse or proof of general reputation. And by bill number 2 he complains of the failure of the court to

permit prosecutrix, Rosa Green, to testify on cross-examination that she had, both before and after her alleged seduction by defendant, kissed and been kissed by and had submitted to the embrace of Jim Weathers, and had kissed and been kissed by Jess Adams, Will Burnett, Lee Martin, Will Compton, and John Lane, all young men living in the neighborhood of prosecutrix; which proposed testimony was objected to by the State upon the same ground set up in bill number 1. The State insists that the two bills of exception relied upon by appellant, as above stated, are not sufficient within themselves to indicate the materiality of the testimony proposed by appellant to be proved. Bill number 2, however, is certainly not subject to this objection, wherein it says that appellant proposed to prove by the prosecutrix that she kissed and had been kissed by Jess Adams, Will Burnett, Lee Martin, Will Compton, and John Lane. We think this testimony was admissible, and that appellant's bill sufficiently presents the same to authorize us to reverse the judgment for the reasons therein stated. If prosecutrix had been kissed and embraced by Jim Weathers, and had kissed and been kissed by the other parties named, such circumstances appellant ought to have been permitted to introduce before the jury, as tending to show a lack of chastity on the part of the prosecutrix. We think the court erred in failing and refusing to permit the introduction of said testimony. We have carefully examined all of appellant's other assignments of error, and do not think there is any material error in the ruling of the court upon the matters complained of. But, for the error above discussed, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*