## TOM NOLAN v. THE STATE.

### No. 3062.     Decided June 21, 1905.

**1.—Seduction—Charge of Court—Impeachment.**

On a trial for seduction where the evidence showed that prior to the trial the prosecutrix appeared in the office of the attorneys for the defendant and made a statement in substance that defendant had raped her, it was error for the court to charge that said statement was admitted for the purpose only of showing that she had made a different statement to what she testified to on the trial, as said statement was admissible also for impeachment of prosecutrix.

**2.—Same—Letters—Evidence—Conduct of Prosecutrix.**

On a trial for seduction it was error to exclude certain letters written by prosecutrix, written previous to the alleged seduction, to a third party, in which she showed a vulgar and lascivious mind.

**3.—Same—Evidence—Subsequent Acts of Prosecutrix—Lascivious Conduct—Unchastity—Prostitute.**

The mere fact that prosecutrix becomes a prostitute, after being seduced, offers no justification of the crime of seduction, but her conduct subsequent to the commission of the offense as to illicit intercourse, etc., with other parties than defendant, is admissible for the purpose of showing that she was unchaste prior to the alleged illicit intercourse with defendant.

**4.—Same—Charge of Court—Definition of Offense—Rape—Seduction.**

Where on a trial for seduction there was evidence that the offense might have been rape, or that the illicit intercourse between prosecutrix and defendant was not the result of a promise of marriage, it was error not to have given the requested charge that if the prosecutrix did not rely solely upon the absolute promise of marriage, but that she was moved to let defendant have the alleged sexual intercourse with her, partly through fear or partly through lust, or through both fear and lust, although a promise of marriage was then made by defendant and was part, though not the sole and only reason of inducement, to acquit the defendant.

**5.—Same—Evidence—Offer of Marriage in Seduction.**

Under the amendment of the seduction law, an offer by defendant to marry prosecutrix must be made to her in good faith, and testimony that defendant had requested a third party to see the father of the prosecutrix and ask per-

mission of him for defendant to marry prosecutrix, etc., but which offer was not made in good faith, was correctly excluded.

Appeal from the District Court of Bosque.   Tried below before Hon. O. L. Lockett.

Appeal from a conviction of seduction; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Dillard & Word* and *Cureton & Cureton,* for appellant.—The court erred in the 8th paragraph of his main charge, where he limits the testimony shown by the prosecutrix' statement to appellant's counsel. Howard v. State, 25 Texas Crim. App., 686; Cline v. State, 33 Texas Crim. Rep., 482; Crockett v. State, 49 S. W. Rep., 392; Davis v. State, 36 Texas Crim. Rep., 548.

The court erred in excluding the evidence of after acts and conduct of the prosecutrix.   Davis v. State, 36 Texas Crim. Rep., 548; Creighton v. State, 51 S. W. Rep., 910; 1 McClain Crim. Law, page 277, sec. 1117.

The court erred in not giving defendant's special charge No. 7 upon fear and lust, etc.   Barnes v. State, 37 Texas Crim. Rep., 320; Spenrath v. State, 48 S. W. Rep., 192; Fine v. State, 77 S. W. Rep., 807.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of seduction, and his punishment assessed at confinement in the penitentiary for a term of two years.

Appellant complains of the following portion of the court's charge: "The evidence of the witness Mrs. Willie Bell Stanley made in the office of the attorneys for defendant, in which statement she says that the offense committed by defendant was rape, is admitted for the purpose only of showing that she had made a different statement to what she testified to on the trial, if said statement does show that, and as to whether it does or not, you are the exclusive and only judges." The evidence shows that prosecutrix was a single woman, of course, at the time of the alleged seduction, but subsequently married a man by the name of Stanley; and that prior to the trial she appeared in the office of the attorneys for defendant and made a statement in substance that appellant had raped her.   The above quoted charge is an effort on the part of the court to limit the effect of said testimony, which statement was proved on the trial.   The court committed error in attempting to limit said testimony to contradiction alone, same was admissible for impeachment.   Crockett v. State, 40 Texas Crim. Rep., 173; 49 S. W. Rep., 392.

The eighth bill of exceptions shows that appellant, after identification, offered in evidence certain letters written by prosecutrix to a third party, in which prosecutrix shows a vulgar, and lascivious mind.   We

do not deem it necessary to copy said letters. Previous acts and conduct of prosecutrix are admissible for the purpose of discrediting prosecutrix, and also for the purpose of shedding light upon her chastity at the time of her alleged seduction by defendant. The court committed error in excluding these letters. Davis v. State, 36 Texas Crim. Rep., 548; Creighton v. State, 51 S. W. Rep., 910; 1 McClain's Crim. Law, p. 277, sec. 1117.

The record contains various bills with reference to the refusal of the court to permit appellant to prove acts of the prosecutrix, subsequent to the alleged commission of the offense, going to show illicit relations, lascivious conduct with other parties than defendant. This evidence should have been admitted. It was admissible for the purpose of showing that prosecutrix was unchaste prior to the alleged illicit intercourse with appellant. Davis v. State, 36 Texas Crim. Rep., 550; Creighton v. State, 51 S. W. Rep., 910. The mere fact that prosecutrix becomes a prostitute, if such be the case, after being seduced, would not be any justification or defense to appellant for seducing prosecutrix. But if her conduct be such as to indicate general reputation on her part, this is and should be considered as a circumstance by the jury in passing upon whether or not she was probably chaste at the time of her alleged seduction. While the court should admit this testimony, still it should be limited to the purpose for which it was introduced as indicated. We are not attempting to lay down any form of charge, but to indicate that the court should instruct the jury that such evidence should only be considered by them for the purpose of passing upon whether or not prosecutrix was chaste at the time of the alleged seduction, and for no other purpose.

Appellant requested the following instruction: "The court instructs you, if you believe from the evidence beyond a reasonable doubt, that the prosecuting witness, Willie Bell Stanley (then Willie Bell Doyal) did not rely solely upon the absolute promise of marriage, but that she was moved to let defendant have the alleged sexual intercourse with her, partly through fear, or partly through lust, or through both fear and lust, then it is your duty to acquit defendant, although you should believe that a promise of marriage was then made and was part, though not the sole and only reason of inducement." This charge should have been given. Barnes v. State, 37 Texas Crim. Rep., 320; Spenrath v. State, 48 S. W. Rep., 192; Fine v. State, 77 S. W. Rep., 806.

Bill number 15 shows that while witness, Danny Mitchell, was on the stand, in behalf of the State, upon cross-examination, appellant's counsel asked the following question: "Is it not a fact that defendant shortly after his arrest in this case requested you to go see W. L. Doyal, father of prosecutrix, and with whom she lived, and ask said W. L. Doyal's permission to marry prosecutrix? And is it not a fact that you did go to the said W. L. Doyal, for defendant, and asked his permission for defendant to marry prosecutrix? And is it not a fact that you did go to see said Doyal for defendant and ask his permission for defendant

to marry prosecutrix? And is it not a fact that said Doyal promised to let you know whether or not he would grant said permission? And is it not a fact that he never did let you know, and that you reported all these facts to defendant? And is it not a fact that prosecutrix at said time was a minor a little over 16 years of age, and that she then resided with her father at Iredell, Texas?" The State objected to said questions, and the answers because it did not show an offer in good faith to prosecutrix to marry her. Witness would have testified to these facts, if permitted. The court appends this explanation: "When this witness was on the witness stand, the jury were sent out and witness testified before the court, and in addition to what is stated in the bill, stated that defendant told witness on next day after he gave him the message for Doyal, that defendant told him he did not intend to marry Willie Bell Doyal, and the court thought it was not made in good faith. Under the amendment of the seduction law, it provides that the offer must be made to the woman and this offer was never made to her, and she being the one who must decide or accept or reject it was immaterial and irrelevant what message was sent to her father." We do not think there was any error in the ruling of the court. Harvey v. State, 53 S. W. Rep., 102.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*