OWEN HINMAN v. THE STATE.

No. 457.    Decided March 9, 1910.

Rehearing denied April 13, 1910.

**1.—Seduction—General Allegations—Continuance.**

Where, upon trial of seduction, the allegations in the defendant's application for continuance as to what was expected to be proved by the absent witnesses was not specifically averred, and the same was probably untrue, there was no error in overruling the motion.

**2.—Same—Other Acts of Intercourse—Birth of Child.**

Where, upon trial of seduction, the prosecutrix testified that the first act of intercourse occurred some eleven months before the child was born, there was no error in admitting other acts of carnal intercourse between the parties, in explanation of the fact of the birth of the infant.

**3.—Same—Evidence—Leading Question.**

Upon trial of seduction, there was no error in permitting the State's counsel to ask the prosecutrix whether she would have yielded to the sexual embraces of defendant had he not promised to marry her, and to which she answered in the negative. Following Snodgrass v. State, 36 Texas Crim. Rep., 207.

**4.—Same—Evidence—Declarations by Defendant.**

Where, upon trial for seduction, the prosecutrix had testified that she had carnal intercourse with the defendant on his promise to marry her, there was no error in admitting the declarations of the defendant that he was the cause of the pregnancy of the prosecutrix and that he contemplated stealing a girl and that he needed some help, it being also in evidence that this declaration was made at the time when defendant was going with and courting the prosecutrix, and that her father objected to the marriage. Following Merrell v. State, 70 S. W. Rep., 979, and other cases.

**5.—Same—Evidence—General Reputation.**

Where, upon trial of seduction, no attack had been made on the credibility of defendant's witnesses, there was no error in not permitting defendant to prove the general reputation for truth and veracity of said witnesses. Following Graham v. State, 57 Texas Crim. Rep., 104.

**6.—Same—Charge of Court—Definition of Offense—Requested Charges.**

Where, upon trial of seduction, the court correctly defined the offense of seduction and applied the law to the facts in evidence, there was no error in refusing requested instructions on the same subject.

**7.—Same—Requested Instructions—Abandonment of Engagement—Offer to Marry.**

The rule of law is that if any man in this State is guilty of acts which under the law constitute seduction, that no act of his less than marrying his victim, or in good faith offering to marry her, would be a bar to a conviction; and on trial of seduction there was no error in the court to so instruct the jury and to refuse a requested charge that a subsequent abandonment of the marriage agreement was a defense. Following Merrell v. State, 42 Texas Crim. Rep., 19; 57 S. W. Rep., 289, and other cases.

**8.—Same—Sufficiency of the Evidence.**

Where, upon trial of seduction, the evidence fully sustained the conviction, the same will not be disturbed.

**9.—Same—Charge of Court—Practice on Appeal—Accomplice Testimony.**

Where there was no objection to the court's charge on accomplice testimony in the court below, the same could not be considered on appeal.

Appeal from the District Court of Eastland. Tried below before the Hon. Thomas L. Blanton.

Appeal from a conviction of seduction; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Scott & Brelsford,* for appellant.—As to other acts of intercourse: Clifton v. State, 46 Texas Crim. Rep., 18, 79 S. W. Rep., 824; Skidmore v. State, 57 Texas Crim. Rep., 497, 123 S. W. Rep., 1129.

*John A. Mobley,* Assistant Attorney-General, and *Stubblefield & Patterson,* for the State.—On question of bills of exception in the record: Mays v. State, 50 Texas Crim. Rep., 391, 97 S. W. Rep., 703.

On question of continuance: Snodgrass v. State, 36 Texas Crim. Rep., 207; Merrill v. State, 70 S. W. Rep., 979.

On leading question by State's counsel: Authorities cited in the opinion.

On question of admitting declarations of defendant and questions of evidence: Cases cited in opinion.

RAMSEY, JUDGE.—On the 12th day of July, 1907, an indictment was returned into the District Court of Eastland County charging appellant with seducing one Lela Barefield on or about the 15th day of March, 1906.

When the case was called for trial on the 9th day of August, 1907, appellant made application for a continuance on account of the absence and for want of the testimony of Mull Wallace, Clarence Withers, and Mrs. M. F. Ames. This motion was not at the time acted upon, but the cause was postponed by the court of its own motion until the 19th day of August thereafter, when it was again called, when appellant renewed his motion for want of the testimony of the same witnesses, with some additional statements of diligence used by him since the original presentation of his application to continue. The facts expected to be proved, in respect to the witnesses Wallace and Withers, are thus stated: "That said witnesses had had sexual intercourse with the prosecuting witness herein, Lela Barefield, prior to the time of the alleged seduction in this case on the part of the defendant." By the witness Mrs. M. F. Ames it was expected to prove that "the witness Mull Wallace prior to and after the time of the alleged seduction in this case was frequently in the society and company of the prosecutrix and was frequently in the society of said prosecutrix under such circumstances as to afford opportunity for illicit relations between them, and conducted herself with such witness Mull Wallace in such a way as to indicate familiarity and improper intimacy with said Mull Wallace." At a trial had in said court on the 19th day of August, 1907, appellant was found guilty and his punishment assessed at confinement in the penitentiary for a period of two years. There

are a number of questions raised on the appeal, the more important of which we will now discuss.

1. When appellant's application for a continuance was filed, it was sought to be controverted by the State on the ground that none of the witnesses, if present, would testify to the facts stated, and that the facts therein stated were probably untrue. After the trial, and before the motion for new trial was acted upon, the witness Wallace appeared and made an affidavit, in substance, to the effect, that he had never at any time had carnal intercourse with Lela Barefield, and had never at any time been in a compromising position with her, and had never at any time told anyone that he had any improper relations with her, and had never at any time kept company with said Lela Barefield. This affidavit, of course, disposes of the application for continuance as to the testimony of this witness. We think, too, that the facts expected to be proved by Mrs. Ames are so generally stated as that the application might well have been disregarded. The facts to which she would testify are not stated; indeed, no fact is stated which it is expected could be proved by her except she was frequently in the society of prosecutrix and that she conducted herself with the said Wallace in such way as to indicate undue familiarity and improper intimacy. What this conduct is the application does not state. Even in the absence of Wallace's affidavit denying any association at all with prosecutrix, we should not hesitate to hold that the application, insofar as it rested on Mrs. Ames' testimony, is wholly insufficient. Nor do we think that the facts stated in respect to the testimony of the witness Withers are sufficient. The allegation here is nothing like so specific as that held insufficient in the case of Snodgrass v. State, 36 Texas Crim. Rep., 210. There the allegation was that Snodgrass expected to prove by the witnesses named that *within* a year of the time and before it is alleged in the indictment that the defendant seduced the prosecutrix, that the witness had had sexual intercourse with the prosecutrix in *Jack County,* Texas. The application here contains a very general statement that at some time prior to the alleged seduction, whether one year or five, is not stated, and at some place, State or country not given, that the witness Withers had had intercourse with the prosecutrix. Judge Davidson, in the case of Merrell v. State, 70 S. W. Rep., 980, thus correctly and aptly states the rule: "Averments as to what a party charged with crime expected to prove by absent witness must be specifically alleged. General averments will not do. It will be observed that appellant carefully avoided stating the time, place, circumstance or any matter connected with the undue liberties Howard should have had with Nora Livingstone. It has been stated by some of the decisions that an allegation with reference to absent evidence must be so particularly stated that it could form the basis of a charge of perjury." Again, when we look to the evidence in the case, it is so demonstrably clear to our minds that the witness Withers, if present, would not have testified to the

intercourse alleged, and that if he had done so it would have been probably untrue.

2. We think there is no merit in the contention or claim of appellant that the court erred in permitting the witness Lela Barefield to testify that she and defendant had other acts of intercourse, after the time the seduction is claimed, in explanation of the fact of her testimony that an infant was born to her on the 7th of March, 1907. Her testimony is to the effect, in substance, that the first act of intercourse occurred the last of April or first of May, 1906. She also testified the baby was born on the 7th of March, 1907, and that she had never had intercourse with any other man than appellant. In explanation of her testimony as to the birth of the child the other acts of intercourse with appellant were admissible.

3. Nor is there any merit in the contention of appellant that the following question propounded by counsel for the State was leading and constitutes reversible error: "Would you have yielded to the sexual embraces of defendant had he not promised to marry you?" to which the witness answered, "No, sir." Almost this precise question was held to be not reversible error in the case of Snodgrass v. State, 36 Texas Crim. Rep., 207, which rule has been followed by this court in the recent case of Carter v. State, decided at the present term.

4. It is claimed that the court erred in permitting the witness, Mills Davenport, to testify to statements made by appellant, in substance, to the effect that he was the cause of Miss Barefield being in a pregnant condition, and also a statement to Davenport to the effect, in substance, that he contemplated stealing a girl and invoked his assistance. These statements, we believe, were admissible on the issue, first, that appellant had had carnal intercourse with the prosecutrix, and, second, for the purpose of corroborating the prosecutrix on the issue of their engagement. Davenport testified that some time in the spring of 1906 appellant, in a conversation with him, stated that he was expecting to steal a girl, and might want some help, and that this conversation was had at a time when appellant was going with the prosecutrix. It was shown also by the testimony of Miss Barefield that her father objected to the defendant coming to his house and keeping company with her. J. R. Davis testified that the defendant came to him some time in the spring of 1906 and requested him to bring the prosecutrix to Eastland, stating that he, the defendant, intended to marry her; that her father was bitterly objecting, and that he desired his assistance. In view of the relations of the parties, their frequent association, and the fact that several of the witnesses say that appellant was madly in love with Miss Barefield, and in the absence of any testimony that his remark about stealing a girl could have had application to anyone else, we think it is so connected with and had such evident and certain relation to Miss Barefield as to render it clearly admissible. Merrell v. State, 70 S. W. Rep., 979; Snodgrass v. State, 36 Texas Crim. Rep., 207.

5. On the trial appellant sought to put in evidence the general reputation of Dick Riddle and Miss Zola Blankenship for truth and veracity. There had been no such attack made upon the testimony of these witnesses as would either have justified or required the court to admit this evidence. Graham v. State, 57 Texas Crim. Rep., 104, 123 S. W. Rep., 694.

6. Complaint was made in respect to the charge of the court below defining the crime of seduction, and of the failure of the court to give certain special charges requested by counsel for appellant. The charge of the court is to this effect: "However, the word "seduce" has when it is used with reference to the conduct of a man towards a woman a precise and determinate signification and is universally understood to mean an enticement of her on his part to surrender her chastity by means of some act, influence, promise or deception calculated to accomplish that object, and to include the yielding of her person to him. Under the law the crime of seduction is not complete unless the female alleged to have been seduced be at the time of the act a chaste person, unmarried and under the age of twenty-five years, and was persuaded to surrender her chastity and have carnal intercourse with the man by reason of his promise of marriage to her. Now, if you believe from the evidence beyond a reasonable doubt that the defendant Owen Hinman, in the county of Eastland, and State of Texas, on or about the 15th day of March, A. D. 1906, or at any time within three years next before the 12th day of July, 1907 (the date of the filing of this indictment in this case), by a promise to marry her made by him to the witness Lela Barefield, an unmarried female under the age of twenty-five years, did seduce and obtain carnal knowledge of her, and that she, the said Lela Barefield, was then and there a chaste and unmarried female under the age of twenty-five years, and then and there so yielded her person to, and had carnal intercourse with, the said Owen Hinman by reason of his promise of marriage, made by him to her at that time, or made by him to her at a former time and then referred to by him as an existing promise and then relied on by her, you will find the defendant guilty as charged in the indictment and assess his punishment at confinement in the State penitentiary of the State of Texas for any term of not less than two years nor more than ten years, as you may determine and state in your verdict."

In this connection the court further instructed the jury:

"If you believe from the evidence that the defendant had carnal knowledge of the witness Lela Barefield, if she was not seduced and induced to yield to such carnal intercourse by reason of the defendant's promise of marriage; but was induced to so yield to such carnal intercourse by her own amorous passion you will find the defendant not guilty."

We think these charges clearly and sufficiently presented the issues in the case, and that no additional instructions were required to be

given. We think the following special charge requested by counsel for appellant: "If the jury believes from the evidence that the prosecutrix, Miss Lela Barefield, had sexual intercourse with the defendant at the time and place testified to by said witness, but that said intercourse, if any, was induced on the part of the prosecutrix by any other motive than a promise to marry, such as a transport of amorous passion, or any motive than a promise to marry, then you are instructed to acquit the defendant," would have been improper, for the reason that the court had already instructed the jury, in substance, that if the intercourse was the result of prosecutrix's passion, that no conviction could be had; and there was no suggestion in the evidence that the intercourse was the result on her part of anything except the promise of marriage, unless the jury might have attributed same to her own lust.

7. On the trial appellant requested the court to give in charge the following special instruction: "If you believe from the evidence that the prosecutrix on or about the 4th Sunday of September, 1906, or about that time or at any time subsequent to the date of the alleged seduction the prosecutrix broke off her engagement with defendant, or refused to continue her engagement with defendant or refused to further permit defendant to visit her or to keep her company; or did any other thing showing her purpose and determination not to marry defendant, and that defendant so relying upon her refusal to marry him or to continue the engagement, afterward in good faith and in ignorance of her pregnancy, contracts another marriage, which marriage still exists, then you will acquit the defendant." This was refused by the court, and in the general charge the following instruction was by the court given: "If you believe from the evidence beyond a reasonable doubt that the defendant seduced the said Lela Barefield and obtained carnal knowledge of her, as alleged in the indictment, and if you should believe subsequent to the time, to wit: on or about the fourth Sunday in September, 1906, there was a difference or any want of harmony between the defendant and the witness, Lela Barefield, the defendant can not rely upon the same as any defense in this case unless the defendant then offered in good faith to marry the said Lela Barefield." We think the rule of law is and should be that if any man in this State is guilty of acts which under the law constitute seduction, that no act of his less than marrying his victim, or in good faith offering to marry her, would be a bar to conviction. In this case there is no contention that appellant offered to marry the prosecutrix in good faith, but the evidence discloses that some time thereafter he did marry another woman. In the case of Merrell v. State, 57 S. W. Rep., 289, it appears that Merrell had seduced a young woman, and her condition being discovered, failed to offer in good faith to marry her, but referred the matter to his mother, who refused to grant her consent. Touching this matter the court uses this language: "This was before her death, and at a time when he might have married her.

And we hold that, notwithstanding there may have been an agreement to marry at some future time, and not at that particular time, under the terms of the statute, to relieve himself of prosecution, it was at least his duty then to offer in good faith to marry the prosecutrix. In failing to do so, the statute no longer afforded him a shield, not to wipe out the offense, for that was already committed, but to bar a prosecution for said offense." In the case of Harvey v. State, 53 S. W. Rep., 102, it was held that the court did not err in refusing to give a charge to the effect that they would acquit Harvey if they found he was a minor and was willing to marry the prosecutrix, but was prevented by his father's refusal of consent. The court say: "The offense in this State consists in having illicit connection with an unmarried female, who yields to the solicitations of her seducer under the inducement of a promise of marriage." In the case of Nolen v. State, 48 Texas Crim. Rep., 436, 88 S. W. Rep., 242, it was proposed to be shown that after the alleged seduction Nolen sent word to his victim's father requesting permission to marry his daughter, which testimony was rejected. The court, however, explains that when the witness was on the stand the jury were sent out, and he stated that the next day Nolen told him he did not intend to marry the young girl, and the court thought it was not made in good faith, the trial court observing that under the amendment of the seduction law it provides that the offer must be made to the woman, and this offer was never made to her, and, she being the one who must decide or accept or reject it, was immaterial and irrelevant what message was sent to her father, Judge Brooks, who wrote the opinion, adding: "We do not think there was any error in the ruling of the court." If in any case it could be held that the conduct of the seduced party could justify a defendant in wholly disregarding his promise of marriage, we do not think that such facts are shown in this case, and that the submission of this matter by the court was both sufficient and correct.

8. Finally, it is urged that the verdict of the jury is unsupported by and contrary to the evidence. We can not accede to this suggestion. The testimony of the prosecutrix is full and satisfactory both in respect to the promise of marriage and the seduction. There is no fact in the record that impugns her virtue. The circumstances testified to by Davenport and other witnesses show a practical admission both of the engagement and intercourse by appellant. Considered altogether, the testimony is satisfactory and the proof is sufficient.

There is some criticism of the court's charge on the law of accomplice testimony. A sufficient answer to this is, that these matters were not called to the attention of the court below, and can not, therefore, be reviewed by us.

The judgment is affirmed.

*Affirmed.*

McCord, Judge, not sitting.

[Rehearing denied April 13, 1910.—Reporter.]