### WILL MURPHY v. THE STATE.

#### No. 1351. Decided January 24, 1912.

**1.—Seduction—Age of Consent—Rape—Carving.**

Where, upon trial of seduction, the evidence showed that the prosecutrix was over fourteen and under fifteen years of age at the time she became engaged to marry defendant and the act of carnal intercourse took place, the State could elect to prosecute for seduction or rape; the law permitting a marriage of a female over fourteen years of age. Article 2955, Revised Civil Statutes.

**2.—Same—Evidence—Declaration of Third Party.**

Upon trial of seduction, the declaration of a third party, not a witness, that he had intercourse with the prosecutrix is inadmissible.

**3.—Same—Charge of Court—Accomplice.**

Where the court charged the jury that they could not convict upon the testimony of the accomplice alone, unless they first believed her testimony to be true, and that it showed defendant is guilty of the offense charged in the indictment, and not even then, unless they believe that there is other testi-

mony tending to connect the defendant with the offense charged, there was no error. Following Campbell v. State, 57 Texas Crim. Rep., 301, and other cases.

### 4.—Same—Charge of Court—Corroboration.

Where, upon trial of seduction, the court's charge required the accomplice worthy of credit, and that the corroborating evidence tended to connect the defendant with the commission of the offense, although not directly and positively when independently considered, there was no error.

### 5.—Same—Charge of Court—Intercourse—Promise of Marriage.

Where, upon trial of seduction, the court's charge substantially complied with article 769, Code Criminal Procedure, a failure to specifically require that the prosecuting witness be corroborated both as to the act of intercourse and the promise of marriage, was not error. Following Nash v. State, 61 Texas Crim. Rep., 259, and other cases.

### 6.—Same—Evidence—Other Acts of Intercourse.

Upon trial of seduction there was no error in permitting the prosecutrix to testify to other acts of intercourse with the defendant, after she had testified to the first act of intercourse. Following Hinman v. State, 59 Texas Crim. Rep., 29.

### 7.—Same—Charge of Court—Accomplice—Motion for New Trial.

Where appellant's complaint of the court's failure to instruct on accomplice testimony was not set out in his motion for new trial or special instruction, but only in his brief, the same could not be considered; besides, there was no error. Following Flournoy v. State, 57 Texas Crim. Rep., 88.

### 8.—Same—Charge of Court—Limiting Testimony.

Where the defense testimony was admitted generally as well as for impeachment, there was no error in the court's failure to limit same.

### 9.—Same—Insufficiency of the Evidence—Elements of Seduction.

Where, upon trial of seduction, the evidence did not disclose those attentions or acts on the part of the defendant toward the prosecutrix which it takes to win a woman's affection and confidence, and there were absent those arts, wiles and blandishments so necessary to win the heart of the weaker sex, and which would cause prosecutrix to yield her person under circumstances that would constitute seduction, the conviction could not be sustained.

### 10.—Same—Evidence—Corroboration.

Where, upon trial of seduction, the corroborating circumstances relied on to prove the promise of marriage, fixed the date subsequent to the act of intercourse, and the corroboration as to this first act of intercourse was very meagre when taken together with defendant's positive denial, the conviction could not be sustained; especially, where other parties had equal opportunity to have had carnal intercourse with prosecutrix.

Appeal from the District Court of Ellis. Tried below before the Hon. F. L. Hawkins.

Appeal from a conviction of seduction; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Farrar & McRae,* for appellant.—On question of separate offenses as to rape and seduction: Danly v. State, 71 S. W. Rep., 958; Hamilton v. State, 36 Texas Crim. Rep., 372; Simpson v. State, 77 S. W. Rep., 819.

On question of refusing admission of declarations of third party: Davis v. State, 38 S. W. Rep., 174; Noland v. State, 88 id., 242; Creighton v. State, 51 id., 910.

On question of the court's charge on accomplice testimony: Hoyle v. State, 4 Texas Crim. App., 239; Welden v. State, 10 id., 400; Nourse v. State, 2 id., 304; Powell v. State, 24 id., 441; Dunn v. State, id., 561; Harper v. State, 11 id., 1; Wisdom v. State, 45 Texas Crim. Rep., 215; Nash v. State, 61 Texas Crim. Rep., 259.

On the question that corroboration of both promise of marriage and intercourse is necessary: Crowell v. State, 6 Texas Crim. App., 404.

On question of other acts of intercourse: Groce v. State, 61 Texas Crim. Rep., 176, 135 S. W. Rep., 373.

On question of want of corroboration: Barnes v. State, 39 S. W. Rep., 684.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was charged with the offense of seduction and was convicted and sentenced to the penitentiary for a period of two years.

The first question raised in appellant's brief is that the testimony is uncontroverted that the prosecuting witness was under fifteen years of age when the first act of intercourse is alleged to have occurred, and this being true, that the offense, if any, of which appellant is guilty is rape, and that he can not be prosecuted for seduction. The offense is rape, in one character of case, is having carnal knowledge of a female under fifteen years of age with or without her consent. The offense of seduction is having carnal knowledge of a female under twenty-five years of age with her consent, obtained under a promise of marriage and other attendant circumstances. It is thus seen that there are elements in a case of seduction, not included in the offense of rape of a girl under fifteen years of age, and if those elements are presented in a case which go to make a case of seduction, the fact that, by ignoring certain elements present in a case, a different offense might have been presented by the grand jury, does not prevent a person from being prosecuted for the offense that, taking into consideration all the elements, the evidence would show has been committed. If a girl under fifteen was not permitted to marry under our laws then the contention of appellant might present a more serious question. But by article 2955 of the Revised Statutes it is provided that any girl over fourteen years of age may marry, and as the evidence is unquestioned that the girl was more than fourteen years of age at the time she says she became engaged to marry defendant, and the act of carnal intercourse took place, the offense of seduction could be committed, and if the State elected to prosecute for that offense, the fact that the girl had not at that time arrived at fifteen years of age, would not prevent it from so doing.

The next question presented in appellant's brief is that the court erred in not permitting him to prove by the witness Beck certain statements made by one Mackey, and by the witness Deeples, statements made by Mackey to him. Mackey was not a witness in the case. While the evidence shows that appellant was seeking to prove that Mackey had had carnal intercourse with the prosecuting witness, and all legitimate evidence was admissible for that purpose under the facts in this case, yet statements made by Mackey to Beck and Deeples would be but hearsay and inadmissible for any purpose. That he had or had not had intercourse with the girl can not be thus proven, he not being a witness in the case. The case of Nolan v. The State, 48 Texas Crim. Rep., 436, 88 S. W. Rep., 242, cited by appellant does not support his contention. In that case it is the acts and conduct of the prosecutrix that are held to be admissible, and in this case the court held that all the acts and conduct of the prosecuting witness would be admissible, only excluding the statements of a third person with which prosecuting witness or defendant was in no way connected except in so far as the statements might reflect on one of them.

The defendant also complains of the following paragraph of the court's charge: "You are instructed that under the law the witness Lillian Jakeman is an accomplice. Now, you can not convict the defendant upon her testimony alone unless you first believe her testimony is true, and that it shows the defendant is guilty of the offense charged in the indictment, and even then you can not convict the defendant upon said testimony unless you further believe that there is other testimony tending to connect the defendant with the offense charged." This charge is not subject to the criticism leveled at it in the motion for a new trial, but is in accordance with the form laid down by this court in the case of Campbell v. The State, 57 Texas Crim. Rep., 301, and approved in King v. State, 57 Texas Crim. Rep., 363; Brown v. State, 57 Texas Crim. Rep., 570.

Complaint is also made that the court erred in charging the jury: "In this connection you are instructed that corroborative evidence need not be direct and positive, independent of the testimony of Lillian Jakeman; but proof of such facts and circumstances as tend to support her testimony and which satisfy the jury that she is worthy of credit as to the facts essential to constitute the offense of seduction, as hereinbefore defined to you, *and which tend to connect the defendant with the commission of the offense charged,* will fulfill the requirements of the law." Appellant cites a number of authorities laying down the rule as stated by Judge Hurt: "We suggest this mode is the proper test; eliminate from the case the evidence of the accomplice, and then examine the evidence of the other witness, or witnesses with a view to ascertain if there be inculpatory evidence— evidence tending to connect the defendant with the offense. If there is such evidence, the accomplice is corroborated; if there is no

inculpatory evidence there is no corroboration, though the accomplice may be corroborated in a number of things sworn to by him." This is passing on the sufficiency of the evidence, and we entirely agree with the law as thus stated and the charge above quoted requires that the jury find that the corroborative evidence must show not only that the proof and circumstances tend to support her testimony, but also that it *tends to connect the defendant with the commission of the offense charged,* and the two paragraphs above quoted make this plain. Appellant also cites us to the case of Wisdom v. State, 45 Texas Crim. Rep., 215, 75 S. W. Rep., 22, in which it was held that the charge was error because it only required the corroborative evidence to be such as to satisfy the jury that the prosecuting witness was worthy of credit. The charge in this case requires the jury to find not only that fact, but also to find that the corroborative evidence "tends to connect the defendant with the commission of the offense," and is in accordance with the opinion of the court in the Wisdom case.

The appellant also contends that the charge on accomplice testimony is erroneous in that it does not require in specific terms that prosecuting witness be corroborated both as to the act of intercourse and the promise of marriage and that the special charge on this feature of the case should have been given. The language of the Code of Criminal Procedure is: "Article 769—In prosecutions for seduction, under the provisions of the Penal Code, the female alleged to have been seduced shall be permitted to testify; but no conviction shall be had upon the testimony of the said female, unless the same is corroborated by other evidence tending to connect the defendant with the offense charged." We do not feel authorized to take from, nor add to, this provision of our Code of Criminal Procedure as enacted by the Legislature, and the charge of the court is in exact conformity thereto. In the case of Williams v. The State, 59 Texas Crim. Rep., 347, 128 S. W. Rep., 1120, this court held: "All crimes have in them different issues and different elements that are required to be proved in order to sustain a conviction. The statute is general that the accomplice must be corroborated by other testimony tending to connect the defendant with the commission of the offense. The statute does not say in what this corroboration shall consist. If the testimony other than that of the accomplice should make out a complete offense it would be not necessary to use the accomplice's testimony. Hence, the law has wisely provided that the corroboration must tend to connect the defendant with the commission of the offense, and to require that every constituent element of the offense as sworn to by the accomplice must be corroborated would be requiring of the State an impossibility." This question is so fully discussed in the case of Nash v. State, 61 Texas Crim. Rep., 259, 134 S. W. Rep., 709, and the authorities cited so fully, beginning with page 714, we do not deem it necessary to enter into a discussion of it again. We

see no necessity, and we do not think the law requires any more corroboration of an accomplice in this character of case than any other character of case, and the quantum of corroboration necessary in any case is fully stated in the opinion of Judge Hurt, herein quoted from and the authorities there cited.

The appellant, after the prosecuting witness had testified to the first act of intercourse, objected to her being permitted to testify to other acts of intercourse. This question was before the court in the case of Hinman v. The State, 59 Texas Crim. Rep., 29, 127 S. W., 221, and decided adversely to appellant's contention.

In his brief appellant says: "The court erred in failing to instruct the jury the law relative to the testimony of an accomplice in reference to the State's witness, I. Z. T. Morris." And says: "This matter is not set up in the defendant's motion for a new trial nor was a special instruction requested." As is thus seen, no exception was taken to the charge of the court, nor was the matter presented in a motion for a new trial. Consequently we can not consider it on appeal, being presented alone in the brief. (Flournoy v. The State, 57 Texas Crim. Rep., 88.) However, we think the evidence hardly raises this issue, as the money talked about was desired to be used in placing the girl in a rescue home, and the witness did not desire any money for himself.

The complaint of appellant that the court failed to limit the testimony of his witness, Mamie Schultz, and others, to the impeachment of Lillian Jakeman, if it did do so, is not a matter of which he can complain. The testimony was admitted, was introduced by him, and if believed was beneficial to him, and not to limit the purposes for which it was admitted, but to permit it to be considered for any and all purposes, could not be injurious to him, but if error, was error in his favor.

This disposes of all questions presented in appellant's brief, except the question of the sufficiency of the evidence to sustain the conviction. There are other questions presented in the motion for a new trial, and we have reviewed them all, but do not deem it necessary to discuss them. The prosecuting witness testified: "We were at defendant's mother's house when he had that act of intercourse with me. We were in the front room in the house. Defendant's mother and Mrs. Cowart and some other folks were on the place—they were in the kitchen in the back of the house. This act of intercourse occurred at night. Defendant said it wouldn't be any harm to have intercourse with me—that we were going to get married. I loved him; I didn't want to—it wasn't right. He said it was all right. We had the intercourse on the bed. At that time no other man had ever had intercourse with me." On cross-examination she testified: "It was in Mrs. Murphy's room. This occurred at 8 or 9 o'clock at night. Mrs. Murphy and Mamie Schultz were in the kitchen. Mrs. Cowart went with me from our house to the Murphy house.

They had not been in the kitchen very long when this occurred. They went out of the front room into the kitchen, all three of them, leaving Will in there. I reckon they had been out about two or three minutes before this happened. After this happened they did not stay in the kitchen long. They came back into the room as soon as this was over. When they came back we just picked up the conversation. I was not crying. I would say they were gone from the room about five or ten minutes." The prosecuting witness was then fifteen years of age, while the defendant is a man thirty-six years of age. He testified and denied this act of sexual intercourse, or that he ever had sexual intercourse with the prosecuting witness at any time. Of course, for a man of his age to have sexual intercourse with a child is very reprehensible and for which he should be punished, if he is guilty of the offense. But the case before us is, do the facts and circumstances in evidence in this case constitute seduction, if the defendant had the act of intercourse as alleged? This is the offense for which he was being tried. The evidence does not show that defendant ever went with the prosecuting witness to church or any other place; that he ever gave her any presents, and ever paid her any special attention of any character. It is true, that Mrs. Cowart, being his sister, it is shown that the prosecuting witness was often at the house of Mrs. Murphy and defendant was frequently at the hotel kept by Mrs. Cowart, thus showing an opportunity to have courted and had the sexual intercourse, but the evidence does not disclose those attentions or acts which it takes to win a woman's affection and confidence to that extent which would cause her to yield her person under circumstances that would constitute seduction. It may be, on another trial, this can be shown, but the record brought to us should show those facts, for no one can contend that a virtuous female could be *seduced* without any of those arts, wiles and blandishments so necessary to win the hearts of the weaker sex. It is not shown that he ever visited her prior to the time the prosecuting witness says they became engaged to marry, and, while he was away from home a great portion of the time, that he ever wrote her a letter. Of the engagement to marry he says nothing was ever said about the matter prior to the time that prosecuting witness says this first act of intercourse took place, but on her sixteenth birthday he was over at the hotel, when the prosecuting witness said: "I am sixteen; I am old enough to get married," and defendant says he remarked, "Well, let's get married," and never thought any more about it. That he happened to be at the hotel a few days thereafter, when the prosecuting witness suggested that they speak to Mrs. Cowart about it, and he remarked, "Sister, did you know I am about to take Lillian away from you?" and she replied, "No, I didn't," and asked Lillian, "Is it so?" when the prosecuting witness replied, "We are talking a little about it," and that is all that was ever said at any time. In this he is supported by Mrs. Cowart, and while

the testimony might be sufficient to corroborate an engagement to marry, this corroboration, if relied on, fixes the date at a time subsequent to the first act of intercourse as testified to by the prosecuting witness. As to the first act of intercourse at the home of Mrs. Murphy, she is corroborated in the fact that she was at the place, but Mrs. Murphy, Mrs. Cowart and Mamie Schultz all deny, in effect, the opportunity as stated by the prosecuting witness, and defendant positively denies the act. While the jury is the judge of the credibility of the witnesses and the weight to be given the testimony, yet we are authorized to look to see if there is any testimony, or that it is so slight as not to authorize a finding therein against the great preponderance of the testimony. In this case the corroborating circumstances relied on to prove the promise of marriage would fix the date as subsequent to the date of the act of intercourse, and the corroboration as to this first act of intercourse is very meager, if any, which taken with defendant's positive denial, supported as it is by his mother, and all the facts and circumstances in evidence, we do not feel that the evidence justifies us in permitting this verdict to stand. Others are shown to have had equal opportunity to have been associated with the prosecutrix as much or more than defendant, and the testimony of the witness Mamie Schultz would show such a condition of affairs, if true, that it would seem that perhaps an injustice has been done. Taking the record as a whole, and that prior to date that prosecutrix says an engagement to marry took place, and the first act' of intercourse, defendant is not shown to have ever paid her attentions, or conducted himself in a way as to win the love and affection of a woman, we deem the evidence insufficient to support a case of seduction. On another trial this evidence may be developed, if it is true, but it is not contained in the record now before us.

Judgment reversed and the cause remanded.

*Reversed and remanded.*