fense. See Ratliff v. State, 95 Tex. Cr. R. 511, 254 S. W. 965; also, Ruling Case Law, vol. 13, p. 299, § 249; Berry on Automobiles (3d Ed.) § 155.

[3] A regulation touching the use of the streets by automobiles, which is within the scope of the city's charter powers, is not inhibited by the state law upon the subject unless there be a conflict between the two. See Gill v. City of Dallas (Tex. Civ. App.) 209 S. W. 209; City of San Antonio v. Besteiro (Tex. Civ. App.) 209 S. W. 472; City of San Antonio v. Fetzer (Tex. Civ. App.) 241 S. W. 1034; Ex parte Curry, 96 Tex. Cr. R. 3, 255 S. W. 730; Ex parte Wright, 82 Tex. Cr. R. 247, 199 S. W. 486; Ex parte Parr, 82 Tex. Cr. R. 525, 200 S. W. 404; Vernon's Tex. Civ. Stat. 1925, vol. 2, p. 309, note 20, also, p. 344, note 5; Ex parte Jonischkies, 92 Tex. Cr. R. 461, 244 S. W. 997.

In its charter, the city of San Antonio is vested with the authority to control the use of the streets and highways within the city. This power, of course, is to be exerted in a manner not to bring it in conflict with the state law upon the subject.

The application for writ of habeas corpus is denied, and the relator is remanded to custody.

═══════

## McGREGORY v. STATE. (No. 10477.)

(Court of Criminal Appeals of Texas. Feb. 16, 1927.)

Burglary ⬅➡41(1)—Conviction of burglary by entering building and blowing safe held sustained by circumstantial evidence.

In prosecution for burglary, where safe in building was blown, evidence held sufficient to sustain verdict; case being submitted on theory of circumstantial evidence.

Appeal from District Court, Angelina County; C. A. Hodges, Judge.

Howard McGregory was convicted of burglary, and he appeals. Affirmed.

Collins & Collins and W. S. Poston, all of Lufkin, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

LATTIMORE, J. Conviction of burglary; punishment, four years in the penitentiary.

There is no brief on file for appellant. He introduced but one witness, who gave no testimony of any materiality. The place of business of witness Glenn, in Lufkin, Tex., was burglarized on the night of April 5th. The safe was blown. White soap was used in the operation; grease was also used, apparently to prevent finger prints. Parts of two pieces of cloth were found in the bur-

glarized house. Appellant and a companion had been staying in the town. They apparently had no business. They were arrested on the day following the burglary in a neighboring town. In their car were found pieces of cloth torn to correspond with the pieces of cloth found in the burglarized building. In the jaws of knives and upon other things in said car were found white soap and grease corresponding with that found around the safe blown open in the burglarized place of business.

There are no bills of exception in the record, and the only question raised is as to the sufficiency of the testimony. The court submitted the case to the jury upon the theory of circumstantial evidence. We are of opinion that the evidence justified the conclusion reached by the jury.

Finding no error in the record, the judgment will be affirmed.

═══════

## WASHINGTON v. STATE. (No. 10614.)

(Court of Criminal Appeals of Texas. Feb. 9, 1927.)

Criminal law ⬅➡956(5)—Refusal of new trial for refusing continuance held not abuse of discretion, in view of affidavit that absent witness would not give alleged testimony.

Overruling motion for a new trial, based on refusal to allow continuance to secure testimony of certain witness, held not abuse of discretion, where affidavit of such witness was presented in which he stated that he did not know of alleged facts set out in motion and would not have testified to them.

Appeal from District Court, Smith County; J. R. Warren, Judge.

Arch Washington was convicted of the unlawful sale of intoxicating liquors, and he appeals. Affirmed.

Wm. H. Hanson, of Tyler, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

MORROW, P. J. The offense is the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of three years.

The state's evidence is direct and definite to the point that the appellant sold whisky to the purchaser named in the indictment.

In a single bill of exceptions complaint is made of the refusal to grant a motion to continue in order to secure the testimony of the witness Oliver. There is attached to the bill an explanation by the trial judge to the effect that, upon the hearing of the motion for new trial, there was presented the affidavit of the witness Oliver, stating that he did not

know of the alleged facts set out in the motion, and that, if present, he would not have testified to the same. An examination of the motion for new trial reveals the fact that the affidavit was attached to the state's contest of the motion, and in the affidavit the witness categorically denied the truth of the averments in the motion for a continuance to the effect that he would give certain testimony. It is specifically declared in the affidavit that he did not know of the facts imputed to him in the motion, and that he was not present at the time and place claimed in the motion for a continuance. Under these circumstances, it was within the discretion of the trial judge to overrule the motion for new trial. See Shaw v. State, 32 Tex. Cr. R. 155, 22 S. W. 588; Wilkins v. State, 35 Tex. Cr. R. 525, 529, 34 S. W. 627; Hinman v. State, 59 Tex. Cr. R. 31, 127 S. W. 221; and numerous other cases collated in Branch's Ann. Tex. P. C. § 337.

The judgment is affirmed.