OTIS BAGGETT v. STATE.

No. 2073.    Decided November 27, 1912.

### 1.—Arson—Accomplice—Continuance.

Where defendant was tried as an accomplice for arson, and the State claimed by the witness who burned the house that the defendant employed said witness to do the burning and the agreement was made at a certain time and place, and defendant's motion for continuance alleged that he expected to show by the absent witness that at said time and place the witness was present and that no such agreement was made between the parties, the continuance should have been granted.

### 2.—Charge of Court—Accomplice—Corroboration.

Where the State claimed that the defendant burned the alleged house by employing another to do so and the court submitted a general charge on the corroboration of accomplice's testimony, but failed to direct the attention of the jury to the fact that the corroboration should be as to whether defendant employed State's witness to burn the house, and a special charge submitting this issue was requested, the same should have been given.

### 3.—Same—Newly Discovered Evidence.

Where the judgment is reversed and the cause remanded upon other grounds, the question of newly discovered evidence need not be considered.

Appeal from the District Court of Johnson. Tried below before the Hon. O. L. Lockett.

Appeal from a conviction as an accomplice to arson; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Odell & Johnson,* for appellant.—On question of continuance: Sharp v. State, 61 Texas Crim. Rep., 247; Perez v. State, 48 id, 225; Kelly v. State, 33 id, 31; Hyden v. State, 31 id, 401; McAdams v. State, 24 id, 86.

On question of corroboration: Moore v. State, 58 Texas Crim. Rep., 183; Jackson v. State, 51 id, 220; Barton v. State, 49 id, 121; Dixon v. State, 15 Texas Crim. App., 480.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of the crime of being an accomplice to arson, and his punishment assessed at five years confinement in the penitentiary.

When this cause was called for trial on June 5th defendant moved to continue the case on account of the absence of the witness, J. L. Harris, it being made to appeal that defendant was indicted on the 13th of May and arrested thereafter, and on 17th day of May he had a subpoena issued for the absent witness, but the sheriff had not succeeded in summoning him at the time of trial. Brock, the State's witness, admitted he burned the house, and says that defendant employed him to do so that he might collect his insurance on the stock in the house. He further says that this conversation took place in defendant's place of business about five minutes before the store was closed, and but a short time before the fire. Defendant, in his application for a continuance, says that Harris will testify that he (Harris) was in defendant's place of business for about forty-five minutes before the store was closed, and was there when Brock came in. That he heard all the conversation that took place between Brock and appellant, and no such conversation took place as Brock details. That he (Harris) remained until the store was closed, and went with defendant to a Christmas tree, where they were when the fire occurred. Thus it is seen that this testimony, if the witness Harris would so swear, is very material, for the allegation is that he will swear that he was present when Brock came to the store and remained there until the store closed. Brock, of course, testifies Harris was not in the store when the trade was made with him to burn the building, but he says the trade was made only about five minutes before the store closed, while it is stated Harris will testify that he was at the store for forty-five minutes before it closed, and was there when Brock came and left. It is upon this employment of Brock upon which it is sought to convict appellant as an accomplice of Brock. Their testimony would be in direct conflict, and if Harris so testified and the jury believed him, it would necessarily follow that defendant would be acquitted. The alleged testimony is

so material we think the court erred in overruling the application and in not granting a new trial.

The court charged the jury as to accomplice testimony and the necessity for corroboration in a form frequently approved by this court, but as it is not contended that appellant aided in burning the house, or was present when it was burned, appellant insists that a more direct application of the law than a general charge should have been given, directing the attention of the jury to the fact that the corroboration should be as to whether defendant employed Brock to burn the house. The State offered evidence corroborative of the testimony that he, Brock, burned the house, and appellant insists that under this general charge the jury was misled, and complains because the court failed to give his special charge, which reads: "You are instructed that by corroboration as used in the general charge, is meant that the evidence must connect the defendant with the procuring and hiring of Dick Brock to burn the building alleged in the indictment. It is not sufficient if it merely shows that Dick Brock burned the building." Where a special charge is requested, directing the attention of the jury to the real issue in the case, it should be given, if the charge of the court does not aptly do so.

We do not deem it necessary to discuss the alleged newly discovered testimony, as it will not be newly discovered on another trail, nor is it necessary to discuss the other questions raised.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*