RICHARD FORSON V. THE STATE.

No. 6452. Decided November 16, 1921.

1.—Burglary—Accomplice Testimony—Charge of Court—Practice in Trial Court.

Where, upon trial of burglary, the evidence showed beyond question corroborative evidence measuring up to the statutory rule announced in Article 801, Vernon's C. C. P., and went beyond a mere showing that an offense had been committed, the failure to incorporate such paragraph in the charge of the court would be but harmless error under Article 743, Vernon's C. C. P., although the better practice is to include such paragraph in the charge.

2.—Same—Charge of Court—Weight of Evidence.

Where, upon trial of burglary, the court instructed the jury that corroborating evidence need not be direct and positive, independent of the testimony of the accomplice, but that proof of such facts and circumstances as tended to support such testimony, etc., was sufficient. The same was not on the weight of the evidence. Distinguishing Wisdom v. State, 45 Texas Crim. Rep., 215, and other cases.

Appeal from the District Court of Hamilton. Tried below before the Hon. J. R. McClellan.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. W. Bleeker,* and *A. R. Edison,* for appellant.—Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.—Cited: Campbell v. State, 123 S. W. Rep., 583; Ice v. State, 208 id., 343.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Hamilton County of burglary, and his punishment fixed at two years in the penitentiary.

The trial court charged on the law of accomplice testimony as follows: "You are instructed that the witness, Charles E. Heriot, is an accomplice, and you are therefore instructed that you cannot find the defendant guilty upon the testimony of said witness alone; you must first believe such witness' testimony to be true, and that it shows the defendant is guilty of the offense as charged in the indictment, and even then, you cannot find the defendant guilty upon such witness'

testimony, unless you further believe that there is other testimony
tending to connect the defendant with the offense charged in the in-
dictment. In this connection, however, you are instructed that cor-
roborating evidence need not be direct and positive independent of
the testimony of said Charles E. Heriot, but proof of such facts and
circumstances as tend to support his testimony, and which satisfy the
jury that he is worthy of credit as to the facts essential to constitute
the offense charged, as hereinbefore defined to you, and which tend
to connect the defendant with the commission of the offense charged
in the indictment will fulfill the requirements of the law."

Appellant excepted to the first paragraph of this charge and asked a
special charge, which was as follows: "Now comes the defendant
and respectfully asks of the court to charge the jury as follows:
The witness Charles E. Heriot is an accomplice. Now you cannot
convict the defendant upon his testimony alone, unless you first believe
that his testimony is true and shows that the defendant is guilty as
charged, and then you cannot convict the defendant upon said testi-
mony unless you further believe that there is other testimony in the
case corroborative of the accomplice's testimony tending to connect
the defendant with the offense committed, if you find that an offense
was committed, and the corroboration is not sufficient if it merely
shows the commission of the offense. This charge is given you along
with, and as a part of the general charge of the court."

Apparently the only difference between said special charge and the
first paragraph of the court's charge above quoted was that the latter
contained and the former omitted, the following: "and the corrobora-
tion is not sufficient if it merely shows the commission of the offense."
The omitted paragraph just quoted is part of Article 801, Vernon's
C. C. P., and announces a statutory rule by which the sufficiency of
the corroborative evidence must be measured in every case dependent
for conviction upon accomplice testimony. We find no case in which
the exact point herein raised, has been discussed. Many approved
charges on accomplice testimony do not appear to contain said para-
graph. We think it the better practice to give said paragraph in
charge to the jury, and that approved charges should be followed in
matters of this kind which was not done in this case, but hold that a
case whose facts show beyond question corroborative evidence measur-
ing up to the statutory rule announced in Article 801, *supra,* that is,
whose corroborative facts go beyond a mere showing that an offense
has been committed, and beyond question point to the accused as be-
ing connected with the commission of such offense, the failure to in-
corporate such paragraph in the charge would be but harmless error
under Article 743, Vernon's C. C. P. We are of opinion that under
the facts in the instant case the omission of said charge was not such
error as to require a reversal. The house of one Enger was bur-
glarized on Saturday between 2:30 and 5 o'clock P. M. That the
house was entered by force and property of Enger taken, was estab-

lished entirely aside from the accomplice testimony. Appellant and one Heriot were arrested and charged with the offense. They were arrested . either on Sunday or the Monday following the burglary. The facts in testimony from witnesses other than the accomplice, are such as to be sufficient to sustain a judgment of conviction of this appellant, and so overwhelmingly tend to point to the accused as the party, or one of the parties committing the burglarly, as to leave no possible question as to their sufficiency as corroborative evidence. A gun, a flash light and various articles of food were taken from the Enger house. Parties who saw and pursued appellant and Heriot on the day of their arrest, saw one of them throw away a gun. Later and after arrest appellant told said parties that he had thrown the gun away, and took them and showed them where it was, and told them that it was his and that he had traded a watch for it two or three days before, down near Waco. Appellant told another witness where he and Heriot had camped and eaten dinner and said witness went to the place and there found the flash light, which was identified by Mr. Enger. Under this state of the case we have no hesitation in saying that the evidence established beyond dispute facts which went beyond proof of the mere commission of the offense and tended to connect the appellant therewith.

Appellant excepted to the second paragraph of the court's charge on accomplice testimony, as quoted above, and asked his special charge in lieu thereof. We do not think the cases cited in appellant's brief support his contention that said paragraph last referred to is on the weight of the evidence. We find nothing in Wisdom v. State, 45 Texas Crim. Rep., 215, or in Baggett v. State, 69 Texas Crim. Rep., 145, 151 S. W. Rep., 560, or Taylor v. State, 106 S. W. Rep., 366, holding that such charge is on the weight of the evidence. The matter is discussed in Murphy v. State, 65 Texas Crim. Rep., 55, 143 S. W. Rep., 616, and similar charges appear in many other cases decided by us. These are the only matters relied upon by appellant, and finding no reversible error in the record the judgment of the trial court will be affirmed.

*Affirmed.*