JIM ROBINSON v. THE STATE.

No. 13488. Delivered June 11, 1930.
Rehearing denied October 29, 1930.
Reported in 31 S. W. (2d) 1073.

The opinion states the case.

*Davenport & Crain* of Wichita Falls, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of mash for manufacturing intoxicating liquor; penalty, three years in the penitentiary.

Officers came upon a still in a pasture. They found at the still appellant and his wife and Charlie Hawkins. With the still were three barrels of mash, thirty half gallon fruit jars, a ten gallon keg and some fruit jar rubbers and lids. The still was sitting on a furnace over a hole. Charlie Hawkins testified for the State

that he was sixteen years old and had been employed by appellant to make whiskey for him.

When the case was called for trial appellant moved for a continuance on account of the absence of three witnesses. The Court overruled this motion and the case was tried without either of these. Motion for new trial was filed setting up this action of the Court as one of the grounds, which was contested by the State and affidavits filed, the substance and effect of which was to show that these witnesses were transient persons and that two of them resided in Oklahoma, and that when subpoenaed at Burkburnett in Wichita County they were apparently just passing through the town. It further appears that when the case was called for trial on the 17th day of December these witnesses failed to appear and that an attachment was issued and sent to the Constable at Burkburnett but he failed to find them. No further effort was made to obtain their testimony. The application for continuance was dated December 30, 1929. Upon the issues made on motion for new trial the Court apparently heard evidence and the order overruling said motion recites that evidence was "heard thereon." Such evidence has not been brought forward in any statement of facts. Under these circumstances we must presume that such evidence was before the Court as justified an order overruling same. 4 Tex. Jur., Paragraph 142, and authorities there cited. "A motion for new trial is addressed to the sound legal discretion of the trial court whose action thereon will not be disturbed on appeal save in those cases wherein the discretion has been abused." 4 Tex. Jur., Paragraph 396.

Officers found near the still a woman's coat and in same was a letter. This letter was introduced in evidence, to which appellant objected because the letter had not been identified and appellant's connection therewith was in no way shown. In our opinion the contents of the letter tended to prove no issue adverse to appellant and its admission was therefore harmless. The only possible fact that it might have remotely tended to prove, if it had been identified, was the presence of appellant at or near the still at some time, which fact does not appear to have been a seriously contested issue.

Other bills relate to the admission of the testimony of officers to the effect that the mash found by them was capable of being manufactured into intoxicating liquor. This was objected to on the ground that they were not shown to be experts and were without sufficient experience in such matters as to enable them to give

an opinion on the subject. These bills are qualified by the trial court with such statements as show in our opinion the qualification of these witnesses to give the testimony objected to.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

MARTIN, JUDGE.—A reconsideration of the record convinces us that the recitals of Bill of Exception No. 1 are sufficient to show that the affidavits attached to the motion for a new trial constituted all the evidence heard pro and con with reference to the issue made regarding appellant's motion for continuance and the same will now be considered by us on its merits.

Appellant was indicted in two counts, the first charging the unlawful possession of mash for manufacturing intoxicating liquor and the second charging the unlawful possession of a still for said purpose. The State abandoned the second count, the first only being submitted in the court's charge. The issue therefore before the jury was only whether or not appellant unlawfully possessed mash for the purpose aforesaid.

By the three witnesses named in appellant's application for continuance he proposed to prove in substance that they were out quail hunting and unexpectedly came upon a still operated by one John Sims and Charlie Hawkins, that appellant and his wife were present but doing nothing toward preparing to make whisky, and that Sims admitted that they were intending to make some whisky but stated that the still was full of holes and was in no condition to run whisky that day and that they would have to secure another one before they could start operation. This was the day before the discovery of the still. What Sims stated is plainly inadmissible. The portion of this to which they could legitimately testify was that John Sims, Charlie Hawkins, appellant and his wife were present at a still the day before its discovery by officers. Nothing is said about any mash. All this testimony is set into the bill of exception without any statement of any such facts as would show its materiality, and the bill might be disposed of upon the well known ground that a motion for continuance must on its face disclose

the materiality of the testimony. Assuming, however, that the bill is sufficient in this respect, we are of the opinion that if the witnesses had been present and testified to the admissible portions of the statements set out above that it would not reasonably have inured to the benefit of defendant and that it is reasonably probable that on another trial it would not change the result. Under such circumstances there was no error in the court's action. Branch's P. C., Sec. 338; Rumbo v. State, 28 Tex. Crim. App. 30; Baggett v. State, 151 S. W. 560. See also Branch's P. C., Sec. 306; Howard v. State, 8 Tex. Crim. App. 56; Stacy v. State, 177 S. W. 116.

The Sheriff testified in part:

"I saw Mr. Robinson and a boy that later turned out to be Charlie Hawkins stick their heads up in the mouth of this. * * * Mr. Robinson and his wife came up a bluff to this still. * * * He had black soot on his hands and his pants all blacked up and so was the young man's, and there was three barrels of mash * * * about thirty half gallon fruit jars, a ten gallon keg, and a lot of fruit jar rubbers and lids. * * * The first time I saw Mr. Robinson he walked up in the mouth of the still, sort of peeked out at us as we walked up. * * * He was trying to make a get-away. I was coming down the side of the fence. He saw me and ducked back."

Another of the raiding officers testified in part:

"Yes, I found three barrels of mash. I know what mash is. * * * This mash that I saw there certainly would make whisky. It was there in these barrels or the contents of what was still in the bottom, and liquid form, all sour and blubbering and boiling and ready for cooking, just needed a little cooking, that's all. I know it would make whisky."

Neither appellant nor his wife, who were shown to be present at the time, testified at the trial. Appellant was tried on the theory that he and others were in possession of mash for the manufacture of intoxicating liquor. The absent testimony was of such slight materiality, if any, in rebutting this theory that we cannot believe that appellant was hurt by its absence. It tended in fact to somewhat sustain the theory of the State. The bill might be disposed of on other grounds, but we have contented ourselves with quotations from the record to demonstrate the lack of cogency and materiality of this testimony, although its materiality should have

affirmatively appeared by recitals in the motion for continuance, as already stated.

Believing the original disposition of the case was correct, appellant's motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.