HAROLD WHITE V. THE STATE.

No. 19172. Delivered November 24, 1937.

The opinion states the case.

*C. L. Henderson* and *J. A. Rhodes,* both of Bryan, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of burglary and his punishment was assessed at confinement in the state penitentiary for a term of two years.

The only question presented here is the sufficiency of the evidence to sustain the conviction. In order that this opinion may reflect the basis for our conclusion, we deem it proper to briefly state the facts proved by the State upon the trial.

Gilbert Green testified that on the night of October 5, 1936, he and appellant drove around in the town of Bryan in appellant's car until about one-thirty A. M., during which time appellant told him, the witness, that he knew a place where they could make some money by breaking in; that he had broken in there before; that they drove by Barron's Tavern, a short distance and stopped; that appellant got out of the car, took a screw-driver and a tire-tool and broke into the tavern while the witness remained in the car and kept watch; that later, appellant returned to the car, bringing with him cigarettes and cigars in a sack, and also some money; that they then started to Houston with a view of disposing of the loot; that they were arrested by the city police and some of the loot was found in their possession and identified as the property that had been taken from the burglarized building. When questioned by the city police, appellant gave an assumed name.

John Glass testified that on or about the 6th day of October, 1936, he saw the appellant and Gilbert Green in his place of business; that appellant offered to sell him some cigarettes and cigars; that he declined to purchase them, and when they left he notified the police.

Appellant denied that he broke into the building and took any of the property found in his car when he was arrested. He testified that Green came to him and offered him $10 to take him to Houston; that he agreed to do so; that they drove by a tourist camp where Green claimed he had been stopping, and Green loaded some junk into the car, which subsequently proved

to be cigars and cigarettes. He denied that he offered to sell any cigars or cigarettes to Glass the next morning.

It is obvious that the testimony of Green makes a complete case. Therefore, the only question is whether or not Green was sufficiently corroborated by facts and circumstances, tending to connect the defendant with the offense charged.

Appellant and Green were both found in possession of property that was taken out of the burglarized house. Moreover appellant told Green that he had on former occasions broken into said place of business. The owner of the building testified that on several occasions prior to October 5, his place of business had been burglarized. How did the accomplice, who so far as this record shows, had not theretofore been in the town of Bryan, know that the place had previously been burglarized unless he obtained such fact from appellant? Again, we find him trying to dispose of the loot. It was his car that was used to transport the property to Houston.

We think that the testimony tends to connect appellant with the commission of the offense. The circumstances and incidents connected with the whole matter are sufficient to show that appellant was connected with it. See Meredith v. State, 85 Texas Crim. Rep., 239; Forson v. State, 90 Texas Crim. Rep., 271; Lopez v. State, 92 Texas Crim. Rep., 97.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.